1  BENJAMIN B. WAGNER
   United States Attorney
2  KIMBERLY A. SANCHEZ
   Assistant U.S. Attorney
3  4401 Federal Building
   2500 Tulare Street
4  Fresno, California 93721
   Telephone: (559) 497-4000

5

6          IN THE UNITED STATES DISTRICT COURT FOR THE

7                 EASTERN DISTRICT OF CALIFORNIA

8

9
   UNITED STATES OF AMERICA,    )   01: 11-CR-00443 AWI-DLB
10                              )
                   Plaintiff,   )   GOVERNMENT'S MEMORANDUM IN
11                              )   OPPOSITION TO DEFENDANT'S
        v.                      )   MOTION FOR REVOCATION OF
12                              )   DETENTION ORDER
                                )
13 ALBERT HOOD,                 )   Date: October 15, 2012
                                )   Time: 10:00 a.m.
14                              )   Courtroom Two
                                )   Honorable Anthony W. Ishii
15              Defendant.      )
   _____)
16

17 TO:  THIS HONORABLE COURT, DEFENDANT AND HIS ATTORNEY OF RECORD

18      The United States of America, by and through Benjamin B.

19 Wagner, United States Attorney, and Kimberly A. Sanchez, Assistant

20 United States Attorney, files its opposition to defendant's motion

21 to revoke detention order.

22                      **STATEMENT OF FACTS**

23      On December 22, 2011 a grand jury returned an indictment

24 charging the defendant with being a felon in possession of a

25 firearm in violation of Title 18, United States Code, Section

26 922(g)(1).  On August 22, 2012, after a hearing, the Honorable

27 Sheila K. Oberto issued an order detaining the defendant as a

28 danger to the community.  The defendant has filed a motion to

                                1

1   revoke the detention order.  The government now responds.

2      **1.   <u>Offense Conduct</u>:**

3      On December 4, 2011, Fresno Police Officer Kenneth Webb was

4   on duty in the area of Grant Avenue and Fresno Street, Fresno,

5   California.[1]  He observed a vehicle commit a violation of section

6   21804(a) of the California Vehicle Code, failure to yield.

7   Officer Webb saw the vehicle stop in front of a house at 2014 E.

8   White Avenue, and initiated a stop by turning on his overhead red

9   and blue lights on his police car.  The defendant, who was the

10   driver, got out, looked back at Officer Webb, and Officer Webb

11   yelled for the defendant to get back into the car.  Instead, the

12   defendant ran.  While running, Officer Webb saw a dark object fall

13   to the ground and hit the ground as the defendant ran.  Sgt.

14   Alvarez responded to assist Officer Webb.  Sgt. Alvarez was

15   walking to the back yard of the residence where Officer Webb

16   arrested the defendant, and found a firearm on the ground in the

17   front yard.  Officer Webb observed the firearm, which he knew to

18   be the dark object he had previously seen fall to the ground from

19   the defendant as he ran.  The firearm was a loaded Ruger .44

20   caliber revolver which had previously been reported stolen.

21   Officer Webb contacted the owner of the firearm, who said that he

22   did not know the defendant nor did the defendant have permission

23   to possess the firearm.

24      Officer Webb also searched the defendant's phone which the

25   defendant had in his possession at the time of his arrest.  He

26

27      [1] The facts set forth underlying the instant offense are

28   taken from Government's Exhibit A, the report of Officer Kenneth Webb.

observed several gang related photographs referencing the Blood gang.  One of the photographs was of two hands using fingers to spell out "blood" with the words "CRAB KILLER," "BLOOD LOVE," and "BLOOD" on the picture.  Another picture titled "Bloodgang" was of a cartoon character wearing the color red.  The defendant was also wearing red.  Officer Webb knew based upon his training and experience that red is the primary color used to reference the Blood gang.

Post-Miranda, the defendant told Officer Webb that he ran from the police because he had a suspended drivers license.  He denied possessing the firearm.

3.   The defendant has the following prior felony convictions:

2000 Fresno County Superior Court conviction for California Vehicle Code § 10851(a) - Take Vehicle Without Consent/Vehicle Theft

2000 Fresno County Superior Court conviction for California Penal Code § 273.5 – Infliction of Corporal Injury on Spouse/Cohabitant; and

2010 Fresno County Superior Court conviction for California Penal Code §§ 245(a)(1) and 12021(a)(1) – Force/Assault With a Deadly Weapon Not a Firearm: Great Bodily Injury Likely – With Prior, and Felon in Possession of a Firearm

See Exhibit B (copies of certified court documents of the convictions).

**ARGUMENT**

**A.   Bail Reform Act.**

The detention and release of a defendant is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3141, et seq.  In order to request that a defendant be detained, the government must meet the

3

1 | requirements of the Section 3142(f)(1) and (2).

2 |     The government bears the burden of proving by clear and

3 | convincing evidence that the defendant poses a danger to the

4 | community, <u>United States v. Gebro</u>, 948 F.2d 1118, 1121 (9th Cir.

5 | 1991).  Section 3142(g) of Title 18 governs the factors which the

6 | court must consider in determining issues regarding

7 | release/detention.  The section states:

8 |     The judicial officer shall, in determining whether these
      are conditions of release that will reasonably assure
9 |     the appearance of the person as required and the safety
      of the community, take into account the available
10 |    information concerning-
      (1)  the nature and circumstances of the offense
11 |         charged, including whether the offense is a
           crime of violence or involves a narcotic drug;
12 |   (2)  the weight of the evidence against the person;
      (3)  the history and characteristics of the person,
13 |        including-
           (A)  the person's character, physical and
14 |             mental condition, family ties,
                employment, financial resources,
15 |             length of residence in the
                community, community ties, past
16 |             conduct, history relating to drug or
                alcohol abuse, criminal history, and
17 |             record concerning appearance at
                court proceedings; and
18 |        (B)  whether, at the time of the current
                offense or arrest, the person was on
19 |             probation, on parole, or on other
                release pending trial, sentencing,
20 |             appeal, or completion of sentence
                for an offense under Federal, State,
21 |             or local law,
      (4)  the nature and seriousness of the danger to
22 |        any person or the community that would be
           posed by the person's release. . . .
23 |
      **1.    The Nature and Circumstances of the Crime and**
24 |           **Seriousness**

25 |     As previously noted, the defendant is charged with being a

26 | felon in possession of a firearm in violation of 18 U.S.C.

27 | §922(g)(1).  The maximum penalty for this offense is ten years

28 | imprisonment.  The defendant ran from police and threw a gun in

1  the process.  He was on probation at the time of the offense.  The
2  firearm was stolen.

3      **2.   Weight of the Evidence.**

4      Here, the weight of the evidence against this defendant is
5  strong.  While the government recognizes that the Ninth Circuit
6  has held that this factor should be given the least amount of
7  weight,[2] it is, nevertheless, a factor which this court cannot
8  ignore.

9      The defendant was identified by two detectives as being in
10 possession of a backpack that contained the firearm.  Moreover,
11 the defendant admitted that he had previously handled the firearm.
12 The defendant has prior felony convictions.  Thus, the weight of
13 the evidence is extremely strong.  This factor is probative under
14 Section 3142(g)(2) and is a factor which favors the defendant's
15 detention.

16      **3.   Defendant's Prior Criminal History/ History and
            Character.**
17

18      The defendant's prior criminal history consists of the 3
19 felony convictions set forth above, including a 2010 for assault
20 with a deadly weapon for which the defendant was still on
21 probation at the time of the instant offense.  1 witness and the
22 victim of the assault reported to police that the defendant was
23 walking down the street at approximately 10:30 p.m. past a
24 residence at which they were located with 2 other males.[3]
25 According to the victim, the defendant responded to a racial

26 _____

27      [2] <u>United States v. Motamedi</u>, 767 F.2d 1403 (9th Cir. 1985).

28      [3]  The facts from the assault conviction are taken from the
       Fresno Police report, case number 10-01262, attached as Exhibit C.

1   epithet an individual at the residence made by calling for
2   assistance.  The witness said that the defendant made a call but
3   there is no indication he heard what the defendant said.  The
4   witness and victim said that an individual arrived in a car and
5   got out with a gun.  The individual began trying to fire the gun
6   at a victim, but it would not fire.  The victim and the witness
7   reported that he struck the individual, causing him to fall and
8   drop the gun.  They said that the defendant picked the gun up.
9   The victim reported that the defendant took the gun and pistol
10  whipped him and was kicking him. The witness said that he and the
11  other male turned away to grab a shovel and a baseball bat and
12  then went to help the victim.  When they got to the victim, they
13  saw the defendant and the other individual was leaving.

14       The defendant provided a post-Miranda statement to the
15  police.  He admitted the incident occurred but with very different
16  circumstances.  He did not admit to assaulting anyone or to having
17  a gun.  Police searched his residence pursuant to a search
18  warrant.  They found a loaded sawed-off shotgun.  The defendant
19  admitted it was his.  In <u>United States v. Dunn</u>, 946 F.2d 615, 621
20  (9th Cir. 1991), the Court recognized that possession of sawed-off
21  shotguns involve a substantial risk of improper physical force.
22  The Court referenced the Congressional finding that firearms that
23  must be registered (which include sawed-off shotguns) are
24  "inherently dangerous and generally lacking usefulness, except for
25  violent and criminal purposes. . . " <u>Id</u>.[4]

26

27       [4] While the Court in <u>Dunn</u> was analyzing whether a violation
28  of 26 U.S.C. § 5861(d), possession of certain unregistered
    firearms, is a crime of violence, the same reasoning applies here.

1        While the defendant argues that the circumstances of the

2   assault with a deadly weapon charge are in dispute, he entered

3   into a no contest plea[5] relying on <u>People v. West</u> to allow a

4   stipulation to the facts in the police report.  Exhibit B, Bates

5   Stamp number 40-41.  Thus, the Court can properly reference the

6   police report for the facts forming the basis of the conviction.

7   <u>See</u> <u>United States v. Almazan-Becerra</u>, 537 F.3d 1094 (9th Cir.

8   2008); <u>see</u> <u>also</u> <u>see</u> <u>Hernandez-Cruz v. Holder</u>, 651 F.3d 1094, 1097

9   fn 4 (9th Cir. 2011).

10        In addition, the defendant suffered the following misdemeanor

11  convictions:

12        1.   1982 conviction for obstruction/ resisting a public
               officer in violation of California Penal Code ("CPC")
13             section 148 for which the defendant was sentenced to 36
               months probation and 30 days jail;
14        2.   1986 conviction for fighting/ noise / offensive words in
               violation of CPC 415 for which the defendant was
15             sentenced to 24 months probation and 15 days jail;
          3.   1986 conviction for battery in violation of CPC 242 for
16             which the defendant received 24 months probation and 90
               days jail;
17        4.   1995 conviction for infliction of corporal injury on a
               spouse or cohabitant in violation of CPC 273.5 for which
18             the defendant received 24 months probation and 180 days
               jail

19

20  The defendant also suffered the following arrests for offenses for

21  which he was not convicted:

22        1.   1982 arrest for loitering where children are present in
               violation of CPC 553(g) (same arrest as the obstruction
23             conviction noted above);
          2.   1986 arrest for disturbance of the peace and
24             trespassing;
          3.   1987 arrest for exhibiting a deadly weapon/firearm in
25             violation of CPC 417;
          4.   1989 arrest for infliction of corporal injury on a

26

27        [5] A "no contest" plea has the same effect as a guilty plea.
    CPC 1016; <u>see</u> <u>Hernandez-Cruz v. Holder</u>, 651 F.3d 1094, 1097 fn 3
28  (9th Cir. 2011)

                                    7

spouse or cohabitant in violation of CPC 273.5;
5.  1990 arrest for trespass in violation of CPC 602(l);
6.  1991 arrest for battery with serious bodily injury in violation of CPC 243(d);
7.  1991 arrest for infliction of corporal injury on a spouse or cohabitant in violation of CPC 273.5;
8.  1992 arrest for battery in violation of CPC 242;
9.  1994 arrest for infliction of corporal injury on a spouse or cohabitant in violation of CPC 273.5 and force/ADW not firearm: GBI likely in violation of CPC 245(a)(1);
10. 1994 arrest for robbery in violation of CPC 211;
11. 1995 arrest for vehicle theft in violation of California Vehicle Code ("CVC") 10851(a);
12. 1999 arrest for vehicle theft in violation of CVC 10851(a);
13. 1999 arrest for possession/purchase of cocaine base for sale in violation of California Health and Safety Code, Section 11351.5, vehicle theft, and possession of a stolen vehicle, etc. in violation of CPC 496D(a);
14. 2006 arrest for prohibited person in possession of ammunition in violation of CPC 12316(b)(1), and felon in possession of a firearm in violation of CPC 12021(a)(1);
15. 2007 arrest for vehicle theft in violation of CVC 10851(a);
16. 2007 arrest for assault to commit rape in violation of CPC 220 and sexual penetration with force, etc. in violation of CPC 289(a)(1) (acquitted);
17. 2008 arrest for DUI, driving without a license, etc.;
18. 2009 arrest for robbery in violation of CPC 211;
19. 2010 arrest for possession of controlled substance paraphernalia in violation of California Health and Safety Code 11364

The defendant also suffered parole or probation violations on 2 occasions in 2003, once in 2004, once in 2005, once in 2011, and once in 2012.

The pretrial services report indicated that the defendant was using crack cocaine daily in December 2011 when he was arrested.

The defendant's history clearly sets forth an abundance of evidence supporting a finding by clear and convincing evidence that no conditions or combination of conditions can assure the safety of the community or any person.  The defendant has an alarming number of law enforcement contacts which include 2 felony convictions for crimes of violence, 3 misdemeanor convictions for

1    crimes of violence/ assaultive behavior, and 10 additional arrests

2    for crimes of violence or firearms offenses.  The defendant was on

3    probation for a felony assault charge and an illegal firearms

4    possession charge at the time he is alleged to have committed the

5    instant offense.  The defendant has at least 6 parole or probation

6    violations.  He also has a serious drug problem.  There are no

7    conditions that can reasonably assure the safety of the community.

8         While the defendant's uncle, Pastor Hood is certainly engaged

9    in a righteous endeavor, the program cannot reasonably assure that

10   the defendant will not engage in further criminal conduct.  While

11   the program is a live-in program, it is not a secured facility.

12   GPS will not provide reasonable assurance that the defendant will

13   not pose a danger to the community.  The defendant has had a

14   multitude of failed attempts to comply with conditions imposed by

15   a court previously.  He has a continual and repetitive history of

16   arrests, convictions, and supervision within the criminal justice

17   system that dates back to 1982.  He has an alarming number of

18   domestic violence arrests which include convictions which

19   evidences the defendant's lack of control even when with people

20   with whom he shares relationships which would include people with

21   whom he would relate to within the proposed program.

22

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

1

**CONCLUSION**

2    There is clear and convincing evidence that the defendant is

3   a danger to the community and that there are no conditions or

4   combination of conditions that can assure the safety of the

5   community or any other person.  Therefore, the defendant should

6   remain detained.

7
                                       Respectfully submitted,
8
                                       BENJAMIN B. WAGNER
9                                      United States Attorney

10

11  DATED: <u>October 9, 2012</u>      By   <u>/s/Kimberly A. Sanchez  </u>
                                            KIMBERLY A. SANCHEZ
12                                          Assistant U.S. Attorney

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

# DRAFT
## LAW ENFORCEMENT REPORT FORM
### FRESNO POLICE DEPARTMENT
2323 MARIPOSA MALL, FRESNO CA 93721
Phone: (559)621-7000
CA0100500

**Event: 11BS8181**                                                          **Case: 11-084918**

## INCIDENT INFORMATION

**Report #:** 1 of 1     **Report Type:** OTHER CRIME     **District:** SW **Sector:** C     **Zone:** 2456
**Definition and Class:** PC12021(A)(1) - FELON/ETC POSS FIREARM - Lvl F
**Occurred From:** 12/04/11 20:39 Sun     **Occurred To:** 12/04/11 21:08 Sun     **Received Date:** 12/04/11 20:39 Sun
**Location:** 2014 E WHITE AV FRESNO
**Cross Street:** N DIANA ST
**How Rcv::** O

## CASE FACTORS

**SOLVABILITY FACTORS**
     ADULT BOOKED, PHYSICAL EVIDENCE OBTAINED, WEAPON INVOLVED
**SPECIAL FACTORS**
     ELECTRONIC REPORT, GANG RELATED, PCD ON FILE

## APPROVALS AND ROUTING

**Close Class:** 4X3 - WEAPONS OFFENSE     **Open Class::** 1N
**Premise:** O     **CAS Code:** WEAP
**Printed:** 12/5/2011 9:43:41 AM     **Printed By:** ESCALANTE (V3911), RICH(S166)     **Printed From:** A66614MA
**Rpt #:** 1     **Type:** FIRST     **Officer:** WEBB (V3654), KENNETH #P1166     **Clerk:** WEBB (V3654), KENNETH #P1166
**Team:** VCIT  **Created:** 12/04/11 20:39     **Filed Date:** 12/04/11 21:07     **Assigned Date:** 12/04/11 21:07
**From:** P1166 **To:** GANGS **Route Date:** 12/5/2011 2:00:55 AM     **Reason:** GANG-RELATED
**From:** P1166 **To:** RR     **Route Date:** 12/5/2011 2:01:15 AM     **Reason:** REVIEW

## NAMES

**Inv:** ARRESTED # 1     **Adult/Juvenile:** A     **Type:** PERSON
**Name:** HOOD, ALBERT LEE
**Race:** B     **Sex:** M     **DOB:** ▓▓▓▓▓     **Age:** 47     **Height:** 511  **Weight:** 240  **Hair:** BLK     **Eyes:** BRO
**Occupation:** NONE  **Employer:** NONE
**Language:** ENGLISH     **PD#:** 73273     **Birth City:** FRESNO     **Birth State:** CA
**Clothing:** RED/BLUE/WHT JACKET, WHT SHIRT, BLUE JEAN PANTS, RED BB CAP, RED SHOES
**Crime Type:** PC12021(A)(1)     **Suspect Status:** ARR

**Physical Desc:**

| Category | Type |
|---|---|
| BODY BUILD | MEDIUM |
| HAIR LENGTH | SHORT |
| COMPLEXION | DARK |
| FACIAL HAIR | UNSHAVEN |
| GENERAL APPEARANCE | CASUAL |
| WEAPON | HANDGUN |
| EMOTIONAL STATE | UPSET |
| GUN FEATURE | REVOLVER |
| GUN FEATURE | BLUE STEEL |

**AKA Name:** DIMPLES

**Scars, Marks and Tattoos:**

| Location | Feature | Description |
|---|---|---|
| UR ARM | TAT | PLAYBOY BUNNY |
| L BRS | TAT | JUANITA |
| CHEST | TAT | JUDY HOOD |
| CHEST | TAT | UPPER R CHEST "HOOD" |
| CHEST | TAT | (RIGHT) FELICIA HOOD |

**Identification:** ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

**Officer:** WEBB (V3654), KENNETH #P1166                                        Page 1 of 7
**Supervisor:**                                                     **U.S. v. Hood, 1:11-CR-00443 AWI09/05/2012  9**

# DRAFT
## FRESNO POLICE DEPARTMENT

**Event: 11BS8181**                    CA0100500                    **Case: 11-084918**

Addres
Phone:
Addres
Phone:

***** Charge Information *****

| Section | Code | Lvl | Description | Counts | Bail | Warrant |
|---|---|---|---|---|---|---|
| 12021(A)(1) | PC | F | FELON/ETC POSS FIREARM | 1 | | |
| 12316(B)(1) | PC | F | PROHIBTD OWN/ETC AMMO/ETC | 5 | | |
| 12031(A)(1) | PC | M | CRRY LOAD F/ARM PUB PLACE | 1 | | |
| 12031(A)(2)(A) | PC | F | CARRY LOAD F/ARM:PR FEL | 1 | | |
| 12031(A)(2)(B) | PC | F | CARRY STOLEN LOADED F/ARM | 1 | | |
| 12031(A)(2)(C) | PC | F | GANG MEMB:CLF/ARM:PUB/ETC | 1 | | |
| 12031(A)(2)(F) | PC | F | CC/LOAD F/ARM:NOT REG OWN | 1 | | |
| 12025(A)(1) | PC | M | CCW IN VEHICLE | 1 | | |
| 12025(A)(2) | PC | M | CCW ON PERSON | 1 | | |
| 12025(B)(1) | PC | F | CCW IN VEH W/PR FEL CONV | 1 | | |
| 12025(B)(2) | PC | F | CARRY CONCEALD STOLEN WPN | 1 | | |
| 12025(B)(3) | PC | F | CCW:CRIM ST GANG:ACTIVE | 1 | | |
| 12025(B)(4) | PC | F | CCW:PROHIB/UNLAWFUL POSS | 1 | | |
| 496(A) | PC | F | REC KNWN STOLN PROP $400+ | 1 | | |
| 14601.1(A) | VC | M | DRIVE:LIC SUSPENDED/ETC | 1 | | |
| 21804(A) | VC | I | FAIL YIELD TRAFIC:HWY ENT | 1 | | |
| 1203.2(A) | PC | F | PROB VIOL:REAREST/REVOKE | 1 | | |
| 148(A)(1) | PC | M | OBSTRUCT/ETC PUB OFCR/ETC | 1 | | |

**Section:** 12021(A)(1)   **Judicial District:** FRESNO MUNI
**Section:** 12316(B)(1)   **Judicial District:** FRESNO MUNI
**Section:** 12031(A)(1)   **Judicial District:** FRESNO MUNI
**Section:** 12031(A)(2)(A)   **Judicial District:** FRESNO MUNI
**Section:** 12031(A)(2)(B)   **Judicial District:** FRESNO MUNI
**Section:** 12031(A)(2)(C)   **Judicial District:** FRESNO MUNI
**Section:** 12031(A)(2)(F)   **Judicial District:** FRESNO MUNI
**Section:** 12025(A)(1)   **Judicial District:** FRESNO MUNI
**Section:** 12025(A)(2)   **Judicial District:** FRESNO MUNI
**Section:** 12025(B)(1)   **Judicial District:** FRESNO MUNI
**Section:** 12025(B)(2)   **Judicial District:** FRESNO MUNI
**Section:** 12025(B)(3)   **Judicial District:** FRESNO MUNI
**Section:** 12025(B)(4)   **Judicial District:** FRESNO MUNI
**Section:** 496(A)   **Judicial District:** FRESNO MUNI
**Section:** 14601.1(A)   **Judicial District:** FRESNO MUNI
**Section:** 21804(A)   **Judicial District:** FRESNO MUNI
**Section:** 1203.2(A)   **Judicial District:** FRESNO MUNI
**Section:** 148(A)(1)   **Judicial District:** FRESNO MUNI

Officer: WEBB (V3654), KENNETH #P1166
Supervisor:                    **U.S. v. Hood, 1:11-CR-00443 AWI** 09/05/2012   10

# DRAFT
## FRESNO POLICE DEPARTMENT

**Event: 11BS8181**                    CA0100500                    **Case: 11-084918**

### NAMES

**Inv:** LEGAL OWNER # 1   **Type:** BUSINESS
**Name:** COSMOPOLITAN FINANCIAL
**Home:** PO BOX 27348, FRESNO, CA 93729

**Inv:** REGISTERED OWNER # 1   **Adult/Juvenile:** A   **Type:** PERSON
**Name:** ██████████

**Inv:** VICTIM # 1   **Type:** STATE OF CALIFORNIA
**Name:** STATE OF CALIFORNIA

### VEHICLES

**Inv:** IMPOUNDED   **Date/Time:** 12/4/2011 8:39:00 PM
**License:** 5HEX426   **State:** CA   **Lic Year:** 2012   **Lic Type:** PC   **Year:** 1998   **Make:** LINC
**Model:** TOWNCAR   **Style:** 4D   **Color:** WHI   **VIN:** 1LNFM81W5WY650089   **Vehicle Dispo:** IMP
**Officer Id:** P1166   **Tow From:** WHITE / CLARK   **Odometer:** 139245   **Value Options:** 501-4000
**Lic Plate Loc:** BOTH   **Reg Expire Date:** 5/26/2012   **Tow Company:** DENNIS TOW/226-8219
**Storage Authority:** CVC 22651(H)(1)   **Recovery Code:** A0Y   **Vin Condition:** OK
**Misc Items:** MISC TOOLS IN TRUNK
**Impound Reason:** DRIVER ARRESTED POSSESSION STOLEN LOADED GUN PC12021
**Impound Date:** 12/4/2011 9:19:00 PM   **Tow Company Rep:** ROB BRATTON   **Tow Date:** 12/4/2011 9:19:00 PM
**Wheel Lfront:** FAIR   **Wheel Rfront:** FAIR   **Wheel Lrear:** FAIR   **Wheel Rrear:** FAIR   **Wheel Spare:** NO
**Wheel Spec:** NO
  VIN checked w/ Reg Card, Drivable, Front Seat, Rear Seat, Radio, Registration, Alt/Generator , Battery, Differential, Ignition Key,
Transmission, Impound, Other, Unlic, suspended, DUI, Speed Contest, Evidence, RO, Driver Booked, Need VIN Verified - No
**DRIVER:** HOOD, ALBERT LEE
**REGISTERED OWNER:** COBURN, MICHAEL JAMES
**LEGAL OWNER:** COSMOPOLITAN FINANCIAL

### PROPERTY

**Inv:** Evidence # 1   **Date:** 12/4/2011 8:39:00 PM
**Category:** FIREARMS (NO BB-GUNS OR PELLET GUNS)**Article:** HANDGUN   **Brand:** RUGER   **Model:** BISLEY
**Color:** BLK   **Disposition:** HQ   **Officer ID:** P1166   **Quantity:** 1   **Value:** $ 500 **Serial #:** 5721025
**Dispo:** HQ   **County Code:** 10   **NCIC Code:** CA01 **Size:** .44 CAL.   **Zone:** 2456
  Send to NCIC
**Firearm Type:** PISTOL   **Firearm Category:** REVOLVER **Barrel:** 5"   **Caliber:** .44
**Importer:** STURM, RUGER & CO., INC. SOUTHPORT, CONN. U.S.A.   **Description:** WOOD GRIPS
  Crime Gun, Weapon Reported Stolen, Illegally Possessed Weapon
**POSSESSED:** HOOD, ALBERT LEE
**Total Evidence:** $500

**Officer:** WEBB (V3654), KENNETH #P1166
**Supervisor:**

# DRAFT
## FRESNO POLICE DEPARTMENT

| | | |
|---|---|---|
| Event: 11BS8181 | CA0100500 | Case: 11-084918 |

**MO**

| |
|---|
| None |

**OTHER FACTORS**

| |
|---|
| None |

**NARRATIVE**

## MEMBERS WHO CAN TESTIFY:

Sgt. J. Alvarez, #S167

## SOURCE:

On 12-4-11, approx. 2039 hrs., I was working as a uniformed police officer in a marked police vehicle. I was on Grant Ave. at Fresno St. when I observed the suspect vehicle enter onto Fresno St. from a parking lot on the west side of the road. The suspect vehicle cut off two southbound vehicles that stopped suddenly to avoid a collision with the suspect vehicle. The suspect vehicle continued onto the roadway and drove away northbound on Fresno St. I drove after the suspect vehicle to initiate a stop for violation of CVC 21804(a).

## INVESTIGATION:

I caught up to the suspect vehicle as it stopped in front of a house nearby at 2014 E. White Ave. I initiated the stop by activating the overhead red and blue lights of my police vehicle. The suspect driver got out of the vehicle and looked back at me as I got out of my vehicle. I yelled out to the suspect driver to get back into the suspect vehicle. He did not comply and instead ran towards the back yard of 2014 E. White Ave. I chased after the suspect. He later verbally identified himself as Albert Hood.

I observed a dark object fall to the ground in the front yard and heard it hit as Hood ran. I made mental note of the object's location as I ran past it while trying to maintain visual of Hood as he ran. It appeared that Hood ran to the back door of the residence, however, was unable to get inside because it was locked. I ran into the back yard and took him into custody near the back door. I placed Hood in handcuffs. Hood was in custody for violation of PC 148(a)(1).

Sgt. Alvarez responded and was the first officer to arrive on scene to assist. He was walking toward the back yard where I had arrested Hood when he observed a firearm on the ground in the front yard. Sgt. Alvarez advised me of his discovery.

I walked Hood to my vehicle back the same way he ran. I observed that the object I had previously observed fall to the ground from Hood as he ran was the firearm Sgt. Alvarez had advised me of. The firearm (ser. # 5721025) was a loaded .44 cal revolver and had been previously reported stolen under Fresno PD case 11-019790. There were five live rounds of ammunition loaded in the firearm.

The handgun was dry to the touch and relatively clean. The condition of the firearm on the ground was indication that it had not been there long. It was found on the direct path of flight that I observed Hood run. There were no other persons in front of or around 2014 E. White Ave. at the time I initiated

Event: 11-BS8181                                    DRAFT

contact and chased Hood.

Hood is on active felony probation. I searched the contents of a cell phone Hood had in his possession at the time of arrest. Hood identified the cell phone as his and requested permission to retrieve several phone numbers from the phone prior to booking. I observed multiple gang related pictures referencing the Blood gang. One of the pictures was of two hands using the fingers to spell out "blood" with the words "CRAB KILLER", "BLOOD LOVE", and "BLOOD" on the same picture. Another picture titled "Bloodgang" was of a cartoon character wearing the color red. Hood was also wearing the color red. Red is the primary color used to reference the Blood gang, per my training and experience. Gang members commonly possess weapons to protect themselves or other fellow members/associates, against rival gangs. Weapons are also possessed by gang members for use during commission of crimes (e.g., robbery, assaults, etc.).

I contacted the registered owner of the stolen firearm (see supplemental report to related case #11-019790). The owner stated he did not know Hood nor did Hood have permission to possess the firearm.

Hood was found to be driving on a suspended drivers license (see below).

**Statement of Albert Hood:**

I read Hood the Miranda warning per my department issued card as he sat in the back seat of my police car. He said, "You know I understand that." I told him that I observed him cut off the two cars on Fresno St. as he drove out of the parking lot. Hood stated he did not notice the two cars until after he entered the roadway. He denied seeing the activated red and blue lights of my police vehicle. Hood claimed he did not hear me instruct him to get back into his vehicle before he fled into the back yard.

Hood denied possessing the firearm. I told him that I observed it fall from him as he ran away from me. He repeatedly denied possessing the firearm or knowledge of it. Hood claimed he had no reason to possess a gun and only ran because of his suspended license status.

Hood continued to speak with me during the booking process. He stated he did know I was following him until he got out of his vehicle in front of 2014 E. White Ave. He stated he ran from police because he has a suspended drivers license. Hood told me that he was leaving a liquor store after paying his cell phone bill when he cut off the vehicles on Fresno St. He told me that he normally doesn't frequent that area because he has "problems" with the "youngsters" that hang out there. Hood explained that young males previously attempted to assault him while he was in the area of Fresno St. and Grant Ave. Hood told me that he doesn't like to go to that area unless he has to.

I asked Hood if there were any gangs he did not wish to be put in the same holding cell with during the booking process. He advised he could not be held with Bulldog gang members because he had been previously shot by them years ago. I asked Hood if he was a Blood gang member and advised that I noticed the red clothing he was wearing. Hood denied being a member of any gang and stated he never has been.

## CONCLUSIONS / DEDUCTIONS:

Hood was contacted during a traffic stop initiated for violation of CVC 21804(a). Hood's drivers license status is suspended. He fled from police and dropped a loaded firearm while doing so. The

Event: 11-BS8181                          **DRAFT**

firearm was recovered and determined to have been previously reported stolen (see Fresno PD case #11-019790).  Hood is on active felony probation.  He is a suspected active gang member due to the prominent color red worn and multiple gang related pictures on his cell phone.

## DISPOSITION:

Hood was booked into FCJ.

EPCD completed and submitted.

I booked the firearm and ammunition into evidence.

I booked Hood's cell phone into evidence related to his suspected gang affiliation.

The suspect vehicle was impounded with Dennis Tow.

## DMV INFORMATION:

DATE:12-04-11*TIME:20:54*
MATCHED ON:*L/N*F/N* BD
DMV RECORD FOR LAW ENFORCEMENT USE ONLY
DL/NO:C4698665*B/D:04-25-1964*NAME:HOOD ALBERT LEE*
MAIL ADDR AS OF 12-24-08:2212 MENLO AVE CLOVIS 93611*
OTH/ADDR AS OF 12-26-08:2014 E WHITE FRESNO *
AKA:HOOD HERBERT*
AKA:HOOD ALBERT L*
IDENTIFYING INFORMATION:
SEX:MALE*HAIR:BLACK*EYES:BRN*HT:5-11*WT:235*
ID CARD MLD:10-23-08*EXPIRES:04-25-14*
LIC/ISS:12-24-08*EXPIRES:04-25-13*CLASS:C NON-COMMERCIAL*
ENDORSEMENTS:NONE*
LATEST APP:
DL TYPE:RENEWAL*ISS/DATE: 12-24-08*OFFICE: CLO*BATES:POL*
ORGAN AND TISSUE DONOR: NO   UPDATED:12-24-08
LICENSE STATUS:
  SUSPENDED OR REVOKED
  WITHHELD BY DEPARTMENT OF MOTOR VEHICLES*
DEPARTMENTAL ACTIONS:
PROOF REQ:V/05-19-09*TERM:05-19-12*
DRV LIC SUSPENDED  *EFF:01-19-09*ORDER MAILED:12-20-08*AUTH:133532 ,
13382  *
REASON:EXCESSIVE BLOOD ALCOHOL LEVEL*STATE:CALIFORNIA *SERVICE:J/
12-20-08*WRITTEN NOTICE SERVED BY OFFICER*
DRV LIC SUSPENDED  *EFF:05-21-09*ORDER MAILED:12-22-08*AUTH:17520 ,
F C  .*
REASON:DCSS/SUSP*SERVICE:M/12-24-08*
VERBAL NOTICE-COURT,LAW ENFORCEMENT AGENCY,OR DMV*
DRV LIC SUSPENDED  *EFF:09-10-09*ORDER MAILED:07-27-09*AUTH:133652 *
REASON:DUI FAIL TO APPEAR NOTICE*SERVICE:A/07-27-09*
MAILED, NOT RETURNED UNCLAIMED*ACTION ENDED:

Officer: WEBB (V3654), KENNETH #P1166

Supervisor:

Case: 11-084918

Event: 11-BS8181                    **DRAFT**

```
12-02-09*
DRV LIC SUSPENDED  *EFF:09-25-09*ORDER MAILED:08-26-09*AUTH:13365 *
REASON:FAIL TO APPEAR NOTICE*SERVICE:M/03-11-11*
VERBAL NOTICE-COURT,LAW ENFORCEMENT AGENCY,OR DMV*
CONVICTIONS:
VIOL/DT  CONV/DT  SEC/VIOL  DKT/NO       DISP   COURT  VEH/LIC
08-26-07 12-02-09 146011 VC *079285     GJW    10440
              *COURT PROB THRU:12-01-12
DMV POINT COUNT 2
09-15-07 06-11-08 146011 VC *079286     GJ     10440
              *COURT PROB THRU:06-10-11
DMV POINT COUNT 2
07-03-08 09-10-08 146011 VC S269062     GJW    27470
              *COURT PROB 03 YR
DMV POINT COUNT 2
07-27-08 12-17-08 146011 VC *089243     C      10440
              *FAILURE TO PAY FINE
         FINE AMOUNT DUE $ 693
DMV POINT COUNT 2
12-26-08 12-02-09 23103A VC *099106     CGJRQ  10440
       23593 VC  *COURT PROB THRU:12-01-12
              *FTA CLEARED
DMV POINT COUNT 2
02-15-10 10-11-10 24              ARIZ
DMV POINT COUNT 0
FAILURES TO APPEAR:
NONE
ACCIDENTS:
NONE
END
```

## RELATED REPORTS

CASE PD:11019790  Comment: STOLEN FIREARM

**EXHIBIT B**

**REPORT – INDETERMINATE SENTENCE,**
**OR OTHER SENTENCE CHOICE**

FORM CR 291

☒ SUPERIOR
☐ MUNICIPAL } COURT OF CALIFORNIA, COUNTY OF    FRESNO
☐ JUSTICE

COURT (I.D.)  10100  , BRANCH OR JUDICIAL DISTRICT:    FRESNO

FILED

MAR 23 1995

FRESNO COUNTY CLERK

_Sherea Lashley_
S.C. DEPUT.

PEOPLE OF THE STATE OF CALIFORNIA versus
DEFENDANT: Albert Lee Hood    D001
        AKA:

☒ PRESENT
☐ NOT PRESENT          CASE NUMBER (S)  526127-6    - A
                                                      - B

REPORT OF:  ☐ DEATH SENTENCE
            ☐ INDETERMINATE SENTENCE    AMENDED
            ☒ OTHER SENTENCE CHOICE     REPORT  ☐

- C
- D
- E

| DATE OF HEARING (MO) (DAY) (YR) 3/6/95 | DEPT. NO 30 | JUDGE G. GOMES | CLERK S. BODE |
| REPORTER J. ELLIS | COUNSEL FOR PEOPLE B. BRAMER | COUNSEL FOR DEFENDANT P. HINKLE | PROBATION NO. or PROBATION OFFICER |

1. DEFENDANT WAS CONVICTED OF THE COMMISSION OF THE FOLLOWING FELONIES (OR ALTERNATE FELONY/MISDEMEANORS).
☐ ADDITIONAL COUNTS ARE LISTED ON ATTACHMENT          (NUMBER OF PAGES)

| COUNT | CODE | SECTION NUMBER | CRIME | YEAR CRIME COMMITTED | DATE OF CONVICTION MO | DAY | YEAR | CONVICTED BY JURY TRIAL | COURT TRIAL | PLEA | NO CONT |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | PC | 273.5 | INFLICT CORPORAL INJURY ON SPOUSE | 94 | 03 | 06 | 95 | | | X | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |

2. ENHANCEMENTS (charged and found true) TIED TO SPECIFIC COUNTS (mainly in the § 12022-series) including WEAPONS, INJURY, LARGE AMOUNTS OF CONTROLLED SUBSTANCES, BAIL STATUS, ETC.:
For each count list enhancements horizontally. DO NOT LIST enhancements charged but not found true or stricken under § 1385. DO NOT LIST TIME imposed.
For indeterminate terms, report enhancements and time imposed for them on the abstract.

| Count | Enhancement | Y&F S | Enhancement | Y&F S | Enhancement | Y&F S | Enhancement | Y&F S | Enhancement | Y&F S |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |

3. ENHANCEMENTS charged and found true FOR PRIOR CONVICTIONS OR PRIOR PRISON TERMS (mainly § 667-series) and OTHER.
List all enhancements based on prior convictions or prior prison terms charged and found true. If 2 or more under the same section, repeat it for each enhancement (e.g., if 2 non-violent prior prison terms under §667.5(b) list
§ 667.5(b) 2 times. DO NOT LIST prior convictions or prior prison terms not found true. Also enter here any enhancement not provided for in space 2. DO NOT LIST TIME imposed.
For indeterminate terms, report enhancements and time for them on the abstract.

| Enhancement | Y&F S | Enhancement | Y&F S | Enhancement | Y&F S | Enhancement | Y&F S | Enhancement | Y&F S |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | |
| Enhancement | | Enhancement | | Enhancement | | Enhancement | | Enhancement | |
| | | | | | | | | | |

4. ☐ Defendant was sentenced TO DEATH on counts _____

5. ☐ Defendant was sentenced to State Prison for an indeterminate term:
   A. ☐ For LIFE, or a term such as 15 or 25 years to life, WITH POSSIBILITY OF PAROLE on counts _____
   B. ☐ For LIFE WITHOUT the possibility of parole on counts _____
   C. ☐ For other term prescribed by law on counts _____ . (Life Terms are on "A" and "B.")

6. ☒ Counts    ONE    are alternate felony/misdemeanors and were DEEMED MISDEMEANORS.
   A term in jail  ☒ was  ☐ was not  ordered.

7. ☐ For counts _____ the defendant was placed on FELONY probation.
   A. (1) ☐ Sentence pronounced and execution of sentence was suspended; or
      (2) ☐ Imposition of sentence was suspended.
   B.  Conditions of probation included  ☐ Jail Time    ☐ Fine

8. ☐ Other dispositions
   A. ☐ Defendant was committed to California Youth Authority.
   B. ☐ Proceedings suspended, and defendant was committed to California Rehabilitation Center.
   C. ☐ Proceedings suspended, and defendant was committed as a Mentally Disordered Sex Offender.
   D. ☐ Proceedings suspended, and defendant was committed as mentally incompetent.

NOTE 1:  PURSUANT TO ARTICLE VI, SECTION 6 OF THE CALIFORNIA CONSTITUTION AND SECTION 68505 OF THE GOVERNMENT CODE, THE CHIEF JUSTICE REQUIRES THAT EACH
COURT SHALL COMPLETE THIS FORM FOR EACH INDETERMINATE SENTENCE TO STATE PRISON OR SENTENCE CHOICE OTHER THAN STATE PRISON.

NOTE 2:  FOR DEATH SENTENCE OR INDETERMINATE SENTENCE, ABSTRACT OF JUDGMENT MUST ALSO BE PREPARED. IT IS NOT SENT TO THE ADMINISTRATIVE OFFICE OF THE COURTS
(AOC).

NOTE 3:  IF DEFENDANT IS SENTENCED ON BOTH DETERMINATE AND INDETERMINATE COUNTS, FORM DSL 290 OR 290.1 MUST BE PREPARED AND SENT TO AOC AS WELL AS THIS
FORM (AND AN ABSTRACT FOR INDETERMINATE COUNTS PREPARED BUT NOT SENT TO AOC).

| DEPUTY'S SIGNATURE _Pamela S. Fore_    PAMELA S. FORE | DATE 3/20/95 |

Form Adopted by the
Judicial Council of California
Effective April 1, 1992

REPORT – INDETERMINATE SENTENCE
FORM CR 291

Const. Art. VI § 6

DISTRIBUTION:    PINK COPY – COURT FILE        COPY – EXTRA        WHITE COPY – ADMINISTRATIVE OFFICE OF THE COURTS

000607

DEPT. 96
THURSDAY
OCT. 26, 1995
CLERK: F RALEY

CRIMINAL MINUTE ORDER AND COMMITMENT
HON. STEPHEN J. KANE, JUDGE

NORTH ANNEX Jt. 1

REPORTER: V VAUGHAN

BW 0526127-6 PC273.5(MISD)
INFO. FILED: 01/20/95
PRIORS: NONE

HOOD, ALBERT LEE
PDF: PD GEORGE KAYIAN
CDA: Dr. LISA SAGUI
PO:

(DATE CONTINUED FROM: 10/24/95)

ARRAIGN: 01/24/95
DA CASES: 95F8955

HRG/MTN: VIOLATION PROBATION
BENCH WARRANT

TC:                        TRIAL:                    RPO:
995:                       MP:                       RP:
CONT TO:                   FOR:                      DOB: 04/25/64
AKA1:                      AKA2:
AKA3: PRO/000184091,       AKA4: JID/000142913.

## ARRAIGNMENT - VOP                                          T/N

( ) PD  ( ) AD  ( ) CDA re-appt.
( ) Relieved _____  ( ) Sub in _____
( ) Def rec copy  ( ) Amended/Info.  ( ) WRI/WFA/CSR
( ) PLEA  ( ) NG  ( ) NGI  ( ) DENIES  ( ) PRIOR  ( ) ENHANCEMENT
( ) T/D set w/in statutory time  ( ) WTFT _____
( ) DA & Def Counsel stip Disc purs to PC1054
(✓) Def ADMITS/DENIES VOP  ( ) Crt finds VOP for
(✓) Fail to OBAL/PLEA in #_____  (✓) Prob Revok
(✓) Crt accepts admis finds deft KIV admit VOP
( ) Refer PO:  ( ) Supp/Oral Rept  ( ) HRO  ( ) PC 1000  ( ) PC 273.5
( ) By interlineation: _____

## MOTIONS

( ) 1538.5  ( ) DeNovo  ( ) 995  ( ) Disc  ( ) Pitchess
( ) Severance  ( ) OR  ( ) Marsden  ( ) Other _____
( ) Motions Granted _____  ( ) Motions Denied _____
( ) Court/Peo mtn; case dism: _____

## CHANGE OF PLEA - TRIAL CONFIRMATION

( ) GUILTY  ( ) NO CONTEST TO _____

( ) Admits  ( ) Enh in Ct _____ priors  ( ) _____ strikes
( ) COP form signed, filed in open Crt. CRT accept PLEA find KIV made &
    supp'd by factual basis  ( ) Mtn. dismiss Rem CTS & Alleg., GRTD
( ) Ref'd PO for RPO  ( ) 1203C Purs to Rule 412
( ) Go  ( ) No Go  ( ) Time Est: _____  ( ) Trail # _____

## REJECTION PLEA - MTN WITHDRAW PLEA

( ) DA does not support plea agreement  ( ) CRT rejects plea
( ) Def mtn w/draw plea. Remanded to  ( ) Muni  ( ) CVMC
( ) Reset for Mtn to w/draw plea. DATE _____

## RPO & JUDGMENT

( ) Orig.  ( ) Supp Rept of PO read & considered  ( ) Plea renegotiated
( ) Rept of Dr _____
( ) Def WFA/NLC  Prob  ( ) grant granted  ( ) denied
( ) Def WTFS  ( ) Waives RPO & req immed sent

## LOCAL COMMITMENT

CT _____ L/M/U _____ YRS+ _____
CT _____ L/M/U _____ YRS+ _____
( ) Concur  ( ) Consec  ( ) Parole Viol  ( ) any other sent
( ) Exec of sent stay ____yrs;  (✗) PROB REINSTATED SAME TERMS
    & CONDITIONS  ( ) additional term ____yrs.  ( ) Misd. Sent.
(✓) IMPOS of jud sent Susp___yrs;___yrs  ( ) Formal  ( ) Cond. Prob.
(✓) Commit 180 ____day, Co. Jail  ( ) all susp except____days
( ) All susp on condition deft comply W/ Probation  ( ) Exec of sent.
    Stayed to Date: _____ am/pm at FCJ  ( ) Arraign _____
( ) Ref:  ( ) AOWP  ( ) WFO  ( ) Rept to P.O. ____wks. upon release
PC290.3 _____  Co. Fine _____  HS 11372.5 _____
PC1202.4 _____  PO Berg Fee _____  AthyFee _____
CFTS 15 (77 TSD)  TRD 11/01/96
( ) Def rel. on Cruz Waiver on cond. stated on record
( ) Enroll & complete/Remain _____

Other: VOP alleg: out of bounds of _____ not complying with terms of probation; deft obeys all laws; not bunny leaves; Probation to compute custody time upon completion

## CUSTODY/BAIL/WARRANT:                                        $6000.00

(✓) Remains _____  ( ) OR  ( ) Surety Bond  ( ) Cash Bail  ( ) Prop Bond
( ) Remanded  ( ) No Bail  ( ) Bail Set/Reduced ____  ( ) Or Revoked  ( ) Bail Exon:  ( ) SB  ( ) CB  ( ) Prop. Bond
( ) Released _____  ( ) W/CFTS  ( ) All CFTS  ( ) Pro Porm  ( ) St Parole  ( ) Purs to PC 1170 (a)(2)
DEFENDANT  ( ) Appearing to be in VOP  ( ) FTA  ( ) CB CONF  ( ) SB CONF  ( ) SB FORF  ( ) B/W Recalled: _____
( ) Forf Vac purs to reassumption letter filed by  ( ) SB Reins  ( ) CB Reins  ( ) Upon Payment of Reins Fee
( ) B/W issued bail set _____  ( ) B/W held until _____  ( ) B/W Recalled  (✓) B/W filed  ( ) B/W to issue (72 hr.)  $1000.00
( ) FSO ordered to transport Def to _____  ( ) CRC _____  ( ) CYA upon acceptance _____
( ) State Hospital _____  ( ) Upon available bed space, Def may be held to report: _____
OTHER: no probation report contained in file _____

## PRISON COMMITMENT   ( ) Rule 412   ( ) Prob. denied   ( ) CDC

( ) CYA housing - WIC 1731.5(c)  ( ) CYA purs to WIC 1731.5(a)
CT _____ L/M/U _____ YRS+ _____
CT _____ L/M/U _____ YRS+ _____
CT _____ L/M/U _____ YRS+ _____
CT _____ L/M/U _____ YRS+ _____
( ) PC667.5(b); 1 yr.  ( ) HS 11370.2; 3 yrs.  ( ) 667(a); 5 yrs.
( ) Tot Priors ____yrs.  ( ) Ct____dbl/trpl purs to
( ) PC 654 stay: _____ Sentence:  ( ) Concur  ( ) Consec
    Case # _____  ( ) Parole Viol  ( ) any other sent
PC1202.4 _____  HS11372.5 _____
PC290.3 Fees _____ ;  ( ) PC290.2 HIV/DNA Test
( ) REG PC290.1  ( ) REG HS11590  ( ) Recom Housing/PC2684
( ) Def adv  ( ) Serious felony enh. - PC667/PC969f  ( ) Parole  ( ) Appeal
( ) CFTS: _____  ( ) Sent. stayed to _____

## TOTAL DETERMINATE YRS _____   MOS _____
## TOTAL INDETERMINATE TERM _____

## CRC COMMITMENT                        ( ) Sent susp purs WIC 3051
( ) Rept Dr. _____ read  ( ) Rec'd into evidence
( ) Purs to stip Counsel  ( ) Crt finds def is addicted or in danger
( ) Per CRC parole status _____  of addiction to narcotics
( ) Commit to CRC purs to WIC 3051  ( ) for prev imposed term

## CRC

( ) Def waives CRC exclusion hrg.  ( ) CRC vacates civil addict commit
( ) Crim proc reins  ( ) def on Prob 1 day & terminate
( ) SERVE TERM PREV IMPOSED _____ CREDIT _____
( ) Time credit exceed term imposed, commit purs PC 1170 (a) (2)
( ) Report to Parole forthwith.

## DIAGNOSTIC EVALUATION

( ) Crim Proc susp purs  ( ) PC1203.03  ( ) WIC 707.2 Commit
( ) PC1170 (d);  ( ) 120-day eval.  ( ) Crt maintains jurisdiction

## APPOINTMENT OF DOCTOR   ( ) Crim Proc Susp

Appt Dr. purs to _____  ( ) WIC 3051  ( ) PC288.1  ( ) PC1368
( ) PC457 _____  ( ) General sent Rept;  ( ) Other _____
Dr. _____ to exam def at:  ( ) Main Jail Clinic, 2nd Fl;
( ) Dr's office on _____ at _____ am/pm
( ) FSO to transp def to Dr's office, return def to jail upon completion of exam
    ADDRESS: _____
( ) Ordered to appear for Dr's Appt.  ( ) Report due: _____

## COMPETENCY / SANITY FINDINGS:

( ) Crt. finds def is/is not  ( ) Competent  ( ) Sane
( ) Crim proc rem susp/reins  ( ) Ret to Forensic M.H. for rept/recom;
( ) Def com to state hosp purs to _____  ( ) Transp upon receipt rept

## TERMS OF PROBATION/RELEASE/SENTENCE/VOP FINDINGS - SEE BACK

( ) OAL _____  ( ) ALC _____  ( ) NAR _____  ( ) SS _____  ( ) FR
( ) Decert FS/AFDC _____  ( ) MAR _____  ( ) PO _____  ( ) FSD _____  ( ) FCU
( ) AD _____  ( ) EN _____  ( ) MH _____  ( ) ALC _____  ( ) NAR _____  ( ) SW
( ) SM _____  ( ) CMS HRS: _____  ( ) PEEP _____  ( ) REP PO
( ) PDW _____  ( ) CONS ALC ( ) USE NAR ( ) MIN _____  ( ) V _____  ( ) FV
( ) CHK _____  ( ) PRF PROP ( ) CO-DEF ( ) DMV _____  ( ) INS _____  ( ) REV
_____  ( ) INPATIENT  ( ) OUTPATIENT
( ) REG:  ( ) HS 11590  ( ) PC 290  ( ) Complete Batterer's prog PC 273.5

MUNICIPAL COURT, CONSOLIDATED FRESNO JUDICIAL DISTRICT

COUNTY OF FRESNO, STATE OF CALIFORNIA

THE PEOPLE OF THE STATE OF )
CALIFORNIA, )
               Plaintiff, )
                     )  COMPLAINT - CRIMINAL
                     )
vs.               )  Booking No. 9439861
                     )
ALBERT LEE HOOD      )  Case No. **94015007-8**
DOB: ▓▓▓▓▓ )
                     )  D.A. No. 94F8353
                     )
                     )
_____Defendant(s).)

    Personally appeared before me on December 22, 1994, B. MITCHELL
of the Fresno Police Department, who first being duly sworn, complains
and alleges, in the County of Fresno, State of California:

    COUNT ONE
    VIOLATION OF SECTION 273.5 OF THE PENAL CODE, a felony.  The said
defendant, on or about DECEMBER 19, 1994, did willfully and unlawfully
inflict upon his or her spouse, cohabitant or person of the opposite
sex, to wit:  JANE DOE, corporal injury resulting in a traumatic
condition.

    COUNT TWO
    VIOLATION OF SECTIONS 211/212.5(b) OF THE PENAL CODE, a felony.
The said defendant, on or about DECEMBER 19,1994, did willfully,
unlawfully, and by means of force and fear take personal property from
the person, possession, and immediate presence of JANE DOE.

    COUNT THREE
    VIOLATION OF SECTION 422 OF THE PENAL CODE, a felony.  The said
defendant, on or about DECEMBER 19,1994, did willfully and unlawfully,
threaten to commit a crime which would result in death or great bodily
injury to JANE DOE, thereby causing said victim and his or her family
to reasonably be in sustained fear of such a prospect.
    All of which is contrary to the form, force, and effect of the
Statute in such case made and provided, and against the peace and
dignity of the people of the State of California.

Subscribed and sworn to before me on

December 22, 1994
BIX:cjg
Attest:  SANDRA SILVA, Clerk            *B Mitchell*
                                     COMPLAINANT

_____          R. L. PUTNAM
DEPUTY CLERK               JUDGE OF THE COURT

It appearing to me that the offense(s) in the within complaint mentioned, to-wit: **Ct. 1  PC 273.5**

Ct. 2  PC 211/212.5 (b)
✗ Ct. 3  PC 422  Dismissed

has (have) been committed; and that there is sufficient cause to believe the within-named defendant(s), to-wit:

Albert Lee Hood

**FILED**

JAN 12 '95

FRESNO COUNTY CLERK
BY _____ DEPUTY

guilty thereof, I ORDER that ___ he ___ be held to answer to the same. (872 PC)

**526127-6**

## OR
### AFTER WAIVER OF PRELIMINARY HEARING (860 PC)

( ) The defendant(s), to-wit: _____

_____

having appeared in person and with counsel, and having waived a preliminary examination, with the District Attorney of Fresno County and the Magistrate having consented thereto, I HEREBY ORDER that the within named defendant(s) be held to answer to the offense(s) of _____

## OR
### CERTIFICATION AFTER GUILTY PLEA TO FELONY (859a PC)

( ) The defendant(s), to-wit: _____

_____

having appeared in person and with counsel enter a plea of guilty to the following felony offense(s) with agreement by the People: _____

Defendant(s) is (are) cited to appear in the Superior Court, in and for the the County of Fresno, State of California, on _Tuesday_ the 24 day of _January_, 19 95 at 1:30 P.M., in Department No. 32.

IT IS FURTHER ORDERED that the defendant(s) be:

( ) Committed to the Sheriff of the County of Fresno, State of California, said offense(s) not being bailable. (873 PC).

(✗) Admitted to bail in the sum of $ 35,000 , and is (are) committed to the custody of the Sheriff of Fresno County, State of California until ___ he ___ give(s) said bail. (875 PC).

( ) Released on bail heretofore posted in the amount of $ _____

( ) Released on _____ own recognizance, the written promise(s) to appear having been filed pursuant to Section 1318.4 PC.

Dated: JAN 8 1995

Judge of County of Fresno, State of California

Counsel Appearing:

(Dep DA) Savinoch ___ for people Calif
(Dep PD) Barret ___ for The deft
___ for

ABSTRACT OF JUDGMENT – PRISON COMMITMENT – DETERMINATE
SINGLE, CONCURRENT, OR FULL-TERM CONSECUTIVE COUNT FORM
*[Not to be used for multiple count convictions or for 1/3 consecutive sentences.]*

CR-290.1

| ☒ SUPERIOR | COURT OF CALIFORNIA, COUNTY OF **FRESNO** |
| ☐ MUNICIPAL | BRANCH OR JUDICIAL DISTRICT **FRESNO** |

FILED

PEOPLE OF THE STATE OF CALIFORNIA vs.
DEFENDANT: **ALBERT LEE HOOD D003**    DOB: ▓▓▓
AKA:
CII#: **A07075800**

CASE NUMBER
**F99915509-4**

BOOKING #: **9936991**        ☐ NOT PRESENT

APR 2 1 2000

FRESNO COUNTY SUPERIOR COURT

BY

HY - DEPUTY

COMMITMENT TO STATE PRISON
ABSTRACT OF JUDGMENT        ☐ AMENDED ABSTRACT

| DATE OF HEARING April 7, 2000 | DEPT. NO. 30 | JUDGE JANE CARDOZA |
| CLERK SALSEDO | REPORTER MITCHELL | PROBATION NO. OR PROBATION OFFICER LOPEZ/184091 |
| COUNSEL FOR PEOPLE BIXLER | COUNSEL FOR DEFENDANT CUIMMO | ☐ APPTD. |

Defendant was convicted of the commission of the following felony:

| CNT. | CODE | SECTION NUMBER | CRIME | YEAR CRIME COMMITTED | DATE OF CONVICTION (MO./DATE/YEAR) | JURY | COURT | PLEA | TERM (L, M, U) | YRS. | MOS. |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 3 | VC | 10851(A) | VEHICLE THEFT | 99 | 12/7/99 | | | ☒ | L | 1 | 4 |

ENHANCEMENTS charged and found to be true TIED TO SPECIFIC COUNTS (mainly in the PC 12022 series). List each count enhancement horizontally. Enter time imposed for each or "S" for stayed. DO NOT LIST enhancements stricken under PC 1385.

| CNT. | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | TOTAL |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | |

ENHANCEMENTS charged and found to be true FOR PRIOR CONVICTION OR PRISON TERMS (mainly in the PC 667 series). List all enhancements horizontally. Enter time imposed for each or "S" for stayed. DO NOT LIST enhancements stricken under PC 1385.

| ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | TOTAL |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |

☐ Defendant was sentenced pursuant to PC 667 (b)-(i) or PC 1170.12 (two-strikes).
FINANCIAL OBLIGATIONS (including any applicable penalty assessments):
a.  RESTITUTION FINE of: **$200** per PC 1202.4(b) forthwith per PC 2085.5.
b.  RESTITUTION FINE of: **$200** per PC 1202.45 suspended unless parole is revoked.
c.  RESTITUTION of: $_____ per PC 1202.4(f) to ☐ victim(s)*  ☐ Restitution Fund
    (*List victim name(s) if known and amount breakdown in item 7, below.)
    (1) ☐ Amount to be determined.   (2) ☐ Interest rate of: ___% (not to exceed 10% per PC 1202.4(f)(3)(F)).
d.  ☐ LAB FEE of: $_____ for counts: _____ per H&SC 11372.5(a).
e.  ☐ DRUG PROGRAM FEE of $150 per H&SC 11372.7(a).   f.  ☐ FINE of $_____ per PC 1202.5.
TESTING:  ☐ AIDS  ☐ DNA  pursuant to ☐ PC 1202.1  ☐ PC 290.2  ☐ other (specify):
Other orders (specify):

| TOTAL TIME IMPOSED: | 1 | 4 |

☒ This sentence is to run concurrent with (specify): **F99907401-4**
Execution of sentence imposed
a.  ☒ at initial sentencing hearing.        d.  ☐ at resentencing per recall of commitment. (PC 1170(d).)
b.  ☐ at resentencing per decision on appeal.   e.  ☐ other (specify):
c.  ☐ after revocation of probation.

| DATE SENTENCE PRONOUNCED 4/7/00 | CREDIT FOR TIME SPENT IN CUSTODY | TOTAL DAYS: 157 INCLUDING: | ACTUAL LOCAL TIME 105 | LOCAL CONDUCT CREDITS 52 | ☒ 4019 ☐ 2933.1 | SERVED TIME IN STATE INSTITUTION ☐ DMH  ☒ CDC  ☐ CRC |

The defendant is remanded to the custody of the sheriff  ☒ forthwith  ☐ after 48 hours excluding Saturdays, Sundays, and holidays.
To be delivered to  ☐ the reception center designated by the director of the California Department of Corrections.
☒ other (specify): **CDC WASCO**

CLERK OF THE COURT: I hereby certify the foregoing to be a correct abstract of the judgment made in this action.

| DEPUTY'S SIGNATURE YANEZ | DATE April 21, 2000 |

Form is prescribed under PC 1213.5 to satisfy the requirements of PC 1213 for determinate sentences. Attachments may be used but must be referred to in this document.

Form Adopted by the
Judicial Council of California
290.1 (Rev. January 1, 1999)

ABSTRACT OF JUDGMENT – PRISON COMMITMENT – DETERMINATE
SINGLE, CONCURRENT, OR FULL-TERM CONSECUTIVE COUNT FORM

Penal Code
§§ 1170,
1213, 1213.5

U.S. v. Hood, 1:11-CR-00443 AWI 09/05/2012 28

No file

DEPT: 30
DATE: 4-7-00

# SUPERIOR COURT OF CALIFORNIA • COUNTY OF FRESNO
## CENTRAL DIVISION
## CRIMINAL MINUTE ORDER AND COMMITMENT

COURT CLERK: Salseda JUDGE: Cardoza RPTR/TAPE: Mitchell

CUST. STATUS OR P/NP DEFT: Hood, Albert
CASE NO: FCR915509-4 P/NP DEFENSE: R. Cummo
D.A. NO: 1999F20211 P/NP D.A. G. Bixler
INTERP: P/NP P.O. J. Lopez

❑ See minute order attachment for further proceedings

HRG/MTN: RPO
BKG/JID #: 99316991

CHARGE(S): HS11355, PC496d(a), VC10851(A), PC664/496(a)

TC ______ TRIAL ______ RPO ______
995 ______ MP ______ RP ______
CONT TO: ______ FOR ______ DOB [redacted]

**ARRAIGNMENT-VOP** T/N ______
❑ (Re)appt. ❑ Conflict
❑ PD ❑ Barker ❑ ADO/______Ind.C./______
❑ Sub in______ ❑ Relieved ______
❑ Deft. rec copy______amended/Compl/Info. ❑ WR/WFA/CSR
❑ PLEA ❑ NG ❑ NGI ❑ DENIES ❑ PRIOR ❑ ENHANCEMENT
❑ T/D set w/in statutory time ❑WTFT ______
❑ DA & Deft. counsel stip disc purs to PC 1054 ❑ Adv. PC 987.8
❑ Deft. ADMITS/DENIES VOP ❑ Crt finds VOP for
❑ Fail to OAL/PLEA in # ______ ❑ Prob Revok
❑ Crt accepts admis; finds deft. KIV admit VOP for: ______
❑ Refer PO: ❑ Supp/Oral Rept ❑ HRO ❑ 1203C Rept

**MOTIONS:**
❑ Granted ❑ Denied
❑ Court/Peo. Mtn; case dism ______

**COP/TC/HTA** ❑ DEJ ❑ NOCS ❑ PC17(b)
❑ Guilty ❑ No Contest ❑ Prelim waived ❑ HTA as to ______

❑ Admits ❑ Enh. In Ct.___ ❑___priors ❑___strikes ❑ Cert to Sup.Ct.
❑ COP form signed, filed in open Crt. CRT accept Plea, find KIV made & Supp'd by factual basis. ❑ Ref PO ❑ RPO ❑ DV/PC1000 Assess.
❑ Deft. adv ❑ Serious felony enh.-PC667/PC969f.
❑ Mtn. Dismiss rem cts & alleg. Grtd. ❑ w/RTC&Rest. ❑ Arbuckle waiver
❑ Go ❑ No Go ❑ Time Est:______ ❑ Trail # ______

**REJECTION PLEA-MTN WITHDRAW PLEA**
❑ DA does not support plea agreement ❑ Crt rejects plea
❑ Deft. mtn w/draw plea.

**RPO & JUDGMENT**
☒ Orig. ☒ ~~Supp~~ Rept of PO read & considered ❑ Plea renegotiated
❑ Rept of Dr. ______ read.
☒ Deft. WFA/NLC ❑ Deft. WTFS ❑ Waives RPO & Req immed sent.
Prob: ❑ granted ☒ denied ❑ reins same T&C ❑ Mod ❑ termin.
❑ additional term ___yrs. ❑ Misd. Sent

**LOCAL COMMIT.** Deft. waives ______ days credit for local/all purposes.
CT______L/M/U______YRS+ ______
CT______L/M/U______YRS+ ______
❑ Concur ❑ Consec. ❑ Parole Viol. ❑ Any other sent.
❑ Exec of sent stay ❑ ____yrs; ______
❑ IMPOS of jdg/sent susp___yrs;___yrs ❑ Formal ❑ Cond. Prob.
❑ Commit______days Co. jail ❑ all susp./stayed except______days
❑ All susp/stayed on condition deft. comply with Probation.
❑ Exec of sent. stayed to ______ am/pm at FCJ. ❑ Pending Rev. Hrg.
❑ Ref: ❑ AOWP ❑ WFO ❑ Report to PO ______
❑ CFTS______(Actual______/GTWT______/Trtmt______) TRD ______

**FINE: $**
**FEES:** PC1202.4 (rest.)______Cite______Drug/DV Diversion ______
PC290.3______ H&S 11372.5______ PO rept fee______
PC1203.1b $______ TTP ______. Pay by ______
or $______per mo.begin______thru Court/RRD/as directed by PO.
Atty fee______thru RRD by ______
Bkg fee______payable to arresting agency.

**OTHER** Court finds Deft Did Violate Conditions of Cruz Waiver.

**PRISON COMMIT.** ❑ Rule 412 ☒ Prob. Denied ☒ CDC ❑ Stay lifted
❑ CYA housing - WIC 1731.5(c) ❑ CYA purs to WIC 1731.5(a)
CT______L/M/U 16 ~~YRS+~~ mos. c/c
CT______L/M/U______YRS+ ______
CT______L/M/U______YRS+ ______
CT______L/M/U______YRS+ ______
❑ PC667.5(b); 1 yr. ❑ HS 11370.2; 3 yrs. ❑ 667(a); 5yrs
❑ Tot Priors______yrs ❑ Ct______ dbl/trpl purs to ______
❑ PC 654 stay:______ Sentence: ☒ Concur ❑ Consec.
Case# F99907401-4 ❑ Parole Viol ❑ Any other sent.
PC 1202.4 200 ; HS 11372.5 ______
PC290.3 fees 200 . Testing: ❑ PC1202.1 ❑ PC290.2
❑ REG PC 290.1 ❑ REG HS 11590 ❑ Recom Housing/PC2684
❑ No visitation between deft. and child victim purs to PC1202.05.
☒ Deft. advised ☒ Parole ❑ Appeal
☒ CFTS: 15 7(105+52) ❑ Sent. Stayed to ______
TOTAL DETERMINATE YRS 1 MOS 4
TOTAL INDETERMINATE TERM ______

**CRC COMMITMENT** ❑ Sent susp purs WIC 3051
❑ Rept Dr. ______ read. ❑ Rec'd into evidence.
❑ Purs to stip Counsel ❑ Crt finds deft. addicted or in imminent danger
❑ Per CRC parole status of addiction to narcotics
❑ Commit to CRC purs to WIC 3051 ❑ for prev imposed term

**CRC**
❑ Deft. waives CRC exclusion hrg. ❑ Crt vacates civil addict commit
❑ Crim proc reins ❑ deft. on Prob 1 day & terminate
❑ SERVE TERM PREV IMPOSED ______CREDIT ______
❑ Time credit exceed term imposed, commit purs PC 1170(a)(3)
❑ Report to Parole forthwith

**DIAGNOSTIC EVALUATION**
❑ Crim Proc susp purs ❑ PC 1203.03 ❑ WIC 707.2 commit
❑ PC 1170(d): ❑ 120-day eval. ❑ Crt maintains jurisdiction

**APPOINTMENT OF DOCTOR** ❑ **Crim Proc Susp.**
Appt Dr. purs to ❑ WIC 3051 ❑ PC 288.1 ❑ PC 1368
❑ PC457 ❑ General sent Rept; ❑ Other ______
Dr. ______ to exam deft. at: ❑ Main Jail Clinic, 2nd fl;
❑ Dr's office on ______ at______am/pm
❑ Deft. ordered to appear for Dr's appt. ❑ Report due: ______

**COMPETENCY/SANITY FINDINGS**
❑ Crt finds deft. is/is not ❑ Competent ❑ Sane
❑ Crim proc rem susp/reins ❑ Ref to Forensic M.H. for rept/recom:
❑ Deft. comm to state hosp purs to ______ ; Transp upon receipt rept

**TERMS OF PROBATION/RELEASE/SENTENCE/VOP FINDINGS-SEE BACK**
❑ OAL ❑ T(ALC/NAR) ❑ SS ❑ Fin ❑ Decert PS/AFDC 6 mos/1 yr
❑ MR(PO/FSD/FCU) ❑ AD ❑ EN(MH/ALC/NAR) ❑ SW
❑ PRGM ______ ❑ (In/Out) patient/Batterer's trtmt
❑ SM ❑ CMS HRS: ______ ❑ PEEP ❑ REP. PO
❑ PDW ❑ CONS ALC ❑ USE NAR ❑ MIN ❑ V ❑ FV
❑ CHK ❑ PRF PROP ❑ CO-DEFT. ❑ DMV ❑ INS ❑ DMA
❑ REVOK/SUSP/RES ______
❑ Reg: ❑ HS11590 ❑ PC 290 ❑ Protective Order ❑ PC1202.6 Testing
❑ Weapon (destroy/dispose/other: ______ )
❑

**OUT OF CUSTODY DEFT STATUS:** ❑ Remains ❑ OR ❑ FR ❑ Cite ❑ NS ❑ SB ❑ CB ❑ PB ❑ OP ❑ Released OR
❑ **FTA:** ❑ Appearing to be in VOP ❑ CB ❑ SB ❑ PB forfeited. ❑ OR ❑ FR ❑ Cite ❑ NS revoked.
BW to issue, bail $______. B/W (recalled) (filed) (held until) ______
**BOND ORDERS:** ❑ Forf. vac. purs. to reassumption letter filed by ______. ❑ SB ❑ CB ❑ PB reins. & exon.
❑ Upon payment of reins. Fee______. ❑ OTHER: ______

**IN CUSTODY DEFT STATUS:** ❑ Remains ❑ IC ☒ Remanded ☒ No Bail ❑ Bail set/incr./red. ______
❑ Released ❑ OR ❑ Cruz Waiver on record ❑ CFTS ❑ All Cts ❑ On Prob. ❑ St. Parole ❑ Purs. to PC 1170(a)(3)
☒ FSO ordered to transport Deft. to ☒ CDC Wasco ❑ CRC ❑ CYA upon acceptance
❑ State Hospital ______ ❑ Upon available bed space, Deft. may be rel. to rep. of: ______
❑ Ref 4011.6 PC (72hr) ❑ Other ______. ❑ Deft. to be trans. on Salvation Army bus for interview on ______

FSC 65(95) R02-99

**DEFENDANT ORDERED TO BE PRESENT AT ALL HEARINGS**

## SUPERIOR COURT OF CALIFORNIA • COUNTY OF FRESNO
### CENTRAL DIVISION

The People of the State of California

                    Plaintiff )

           vs. )      Case No. _F99915509-4_

_ALBERT LEE HOOD_    Defendant )   **FELONY ADVISEMENT, WAIVER OF**
                                     **RIGHTS, AND PLEA FORM**

I understand the nature of the charges against me and I hereby request to withdraw my plea of not guilty and now plead **GUILTY/NO CONTEST** to the following violations of law: (List Counts, Code sections, and any Conditions of the plea): _Count 3, V.C. 10851a - mitigated lid (16 mos) concurrent with case # F99907401-4 (trailing 273.5 Sentencing matter); dismiss remaining counts & allegations Count induate cruz waiver on both cases_

**RIGHT TO A LAWYER:** I understand I have the right to be represented by a lawyer at all stages of the proceedings. I have had enough time to discuss my case and all possible defenses with my lawyer...... [AH] [AH]

**CONSTITUTIONAL RIGHTS**: I understand I am presumed innocent. The State is required to prove me guilty beyond a reasonable doubt. I understand that I have the following constitutional rights:

|  | I understand this right | I give up this right |
|---|---|---|
|  | [AH] | [AH] |

1. The right to a speedy, public JURY OR COURT TRIAL ............................... [AH] [AH]

2. The right to be CONFRONTED with the WITNESSES against me, that is, to see, hear and question all witnesses against me........................................ [AH] [AH]

3. The right to NOT INCRIMINATE MYSELF, that is, not to be compelled to testify against myself, though I may testify if I choose to do so........................... [AH] [AH]

4. The right to PRESENT EVIDENCE and to have the Court issue subpoenas to bring into Court all witnesses and evidence favorable to me, at no cost to me...... [AH] [AH]

**CONSEQUENCES OF PLEA OF GUILTY OR NO CONTEST:** I understand :

1. If I am presently on parole or probation, my change of plea could be a reason for finding me in violation of my parole or probation ................................................................. [AH]

2. If I am not a citizen my change of plea could result in my deportation, exclusion from admission to the United States, and/or a denial of naturalization. **Deportation is mandatory for some offenses. I have fully discussed this matter with my attorney and understand the serious immigration consequences of my plea.** ................................................ [AH]

3. The maximum sentence I can receive as a result of my plea includes:

    a. _4_ years _8_ months in State Prison, and up to 48 months parole, with up to one year return to prison for every parole violation. If I should receive probation, it could be for up to 5 years, and could include up to 1 year in local custody. I understand that if I violate any terms or conditions of probation I can be sent to State Prison for the maximum term .......................... [AH]

    b. I can also be fined up to $10,000 and ordered to pay restitution, a minimum of $200, and up to $10,000 ....................................................................... [AH]

    c. If I am addicted to or in danger of becoming addicted to dangerous drugs I can be sent to the California Rehabilitation Center ................................................................. [AH]

4.  Other possible consequences of this plea may include (e.g. registration): _____

_____

_____

5.  The matter of probation and sentence is to be determined solely by the court..............................

6.  I am entering my plea freely and voluntarily, without threat or fear to me or anyone closely related
    to me...................................................................................................................................

7.  The facts on which I base my plea are: _*People v West*_____

_____

I declare under PENALTY OF PERJURY, under the laws of the State of California, that I have read, understood, and initialed each item above, and everything on the form is true and correct.

DATE: 2/15/00          SIGNED: _Albert be Wood_
                                          Defendant

I understand that I have the right to enter my plea before, and be sentenced by a judge. I give up this right and agree to be sentenced by a TEMPORARY JUDGE ...................................................

DATE: _____          SIGNED: _____
                                          Defendant

## LAWYER'S STATEMENT

I am the Lawyer of record for the defendant.  I have gone over this form with my client.  I have explained each of the defendant's rights to the defendant, and answered all of the defendant's questions with regard to this plea.  I have discussed the facts of the defendant's case with the defendant, and explained the consequences of this plea, the elements of the offense(s), and possible defenses.  I concur in this plea and the defendant's decision to waive his/her constitutional rights.

DATE: 2-15-00          SIGNED: _____
                                          Lawyer for Defendant

## INTERPRETER'S STATEMENT (IF APPLICABLE)

I, _____, having been duly sworn, truly translated this form to the defendant in

the _____ language.  The defendant indicated that (s)he understood the contents of the

form, and (s)he then initialed the form.

DATE: _____          SIGNED: _____
                                          Court Interpreter

## COURTS FINDINGS AND ORDER

The Court, having reviewed this form and having questioned the defendant concerning the defendant's constitutional rights, finds that the defendant has expressly, knowingly, understandingly and intelligently waived his or her constitutional rights.  The Court finds that the defendant's plea(s) and admission(s) are freely and voluntarily made with an understanding of the nature and consequences thereof, and that there is a factual basis for the plea(s).  The Court accepts the defendant's plea(s) and the defendant is convicted of his or her plea(s).

The Court orders this form filed and incorporated in the Court's record.

DATE: 2/15/2000          SIGNED: _Vincent J. M. Gee_
                                          Superior Court Judge

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF FRESNO
## CENTRAL DIVISION

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA, | COMPLAINT - CRIMINAL |
| Plaintiff | FELONY COMPLAINT |
| vs. | COURT CASE NO. **999 15509  4** |
| David Ricardo Contreras, Leslie Hood III, Albert Lee Hood | DA FILE NO. 1999F20211 |
| Defendant | |



Agency: Fresno Sheriff Department          Agency Report Number: 99-26853

| Defendant | Birth Date | Booking No. | CII No. |
|---|---|---|---|
| David Ricardo Contreras Leslie Hood III Albert Lee Hood | | | |

 

Personally appeared before me, who first being duly sworn, complains and alleges:

### COUNT 1

On or about November 3, 1999, in the above named judicial district, the crime of SELLING SUBSTANCE IN LIEU OF A CONTROLLED SUBSTANCE, in violation of HEALTH AND SAFETY CODE SECTION 11355, a felony, was committed by David Ricardo Contreras, Leslie Hood III and Albert Lee Hood, who did unlawfully agree, consent, and offer to unlawfully sell, furnish, transport, administer, and give a controlled substance, to wit, Cocaine and did then sell, deliver, furnish, transport, administer, and give, and offer, arrange, and negotiate to have sold, delivered, transported, furnished, administered, and given to another, a liquid, substance and material in lieu of said controlled substance, to wit, Cocaine.

"NOTICE:  Conviction of this offense will require you to register pursuant to Health and Safety Code section 11590.  Failure to do so is a crime pursuant to Health and Safety Code section 11594."

\*\*\*\*\*

Page 1

## COUNT 2

*$1,000*

On or about November 3, 1999, in the above named judicial district, the crime of RECEIVING STOLEN PROPERTY, MOTOR VEHICLE, in violation of PENAL CODE SECTION 496D(A), a felony, was committed by David Ricardo Contreras, Leslie Hood III and Albert Lee Hood, who did unlawfully buy and receive a motor vehicle that was stolen and had been obtained in a manner constituting theft and extortion, knowing the property to be stolen and obtained, and did conceal, sell, withhold, and aid in concealing, selling and withholding said property.

\*\*\*\*\*

*LESLIE HOOD*

## COUNT 3

*15,000*

On or about November 3, 1999, in the above named judicial district, the crime of UNLAWFUL DRIVING OR TAKING OF A VEHICLE, in violation of VEHICLE CODE SECTION 10851(A), a felony, was committed by David Ricardo Contreras and Albert Lee Hood, who did unlawfully drive and take a certain vehicle then and there the personal property of Wardell Young without the consent of and with intent, either permanently or temporarily, to deprive the said owner of title to and possession of said vehicle.

\*\*\*\*\*

## COUNT 4

*5,000*

On or about November 3, 1999, in the above named judicial district, the crime of ATTEMPTED RECEIVING STOLEN PROPERTY, in violation of PENAL CODE SECTION 664/496(A), a felony, was committed by David Ricardo Contreras, Leslie Hood III and Albert Lee Hood, who did unlawfully attempted to buy, receive, conceal, sell, withhold, and aid in concealing, selling, and withholding property, to wit, guns, which had been stolen and obtained by extortion, knowing that said property had been stolen and obtained by extortion.

\*\*\*\*\*

All of which is contrary to the form, force, and effect of the Statute in such case made and provided, and against the peace and dignity of the people of the State of California.

\*   \*   \*   \*   \*

Pursuant to Penal Code Sections 1054.5.(b), the People are hereby informally requesting that defense counsel provide discovery to the People as required by Penal Code Section 1054.3.

Subscribed and sworn to before me on

DATE: 11/5/99

Attest: :

COMPLAINANT

DEPUTY CLERK

AMH:vmb



The foregoing instrument is a correct copy of the original on file in this office.

ATTEST: DEC 0 6 2011

TAMARA L. BEARD, Superior Court Clerk
State of California, County of Fresno

By_____
DEPUTY

Superior Court of California, County of Fresno
CENTRAL DIVISION
1100 Van Ness Avenue, Fresno, CA 93724.

## MINUTE ORDER

Defendant Name: **Hood, Albert Lee**

Address: 2014 E White Suite,
Fresno, CA 93701 USA.

AKAs: Hood, Herbert ; Jood, Albert Lee

Case No: F10901145

Date Sentenced: 08/27/10

DOB: ████████████  Sex: M    Hair: Black    Height: 5' 11"
DLN:                           Eyes: Brown    Weight: 210

BAC:
BKG #:  1147566
DR #:   10-12612

Violation Date: 02/20/10
Prosecuting Atty: Avent, Jon Paul
Issuing Agency: District Attorney
Filing Agency Case: 2010F7261

Date of Order: 08/27/10    Judge: Nunez, Ralph    Dept: 30

Charging Doc: Original Information

| CNT | OL | CHARGE |
|-----|----|--------|
| 1 | F | 245(a)(1) PC |
| 3 | F | 12020(a) PC |

| CNT | OL | CHARGE |
|-----|----|--------|
| 2 | F | 12021(a)(1) PC |

| Docket dt | Seq | Text |
|-----------|-----|------|
| 8/27/2010 | 1 | **Hearing held on 8/27/2010 at 08:30:00 AM in Department 30, 3rd Floor for Sentencing Report and Sentencing.** |
| | 2 | Judicial Officer: Nunez, Ralph, Judge |
| | 3 | Courtroom Clerk: Graves, Barbara |
| | 4 | Court Reporter: Dedmon, Denise |
| | 5 | Linden Lindahl appearing with defendant. |
| | 6 | People present and are represented by, Jon Paul Avent, Deputy District Attorney. |
| | 7 | Probation Officer, present in court. M. Castro. |
| | 8 | Pursuant to Vehicle Code section 23593(a), murder advisement read and initialed by defendant. |
| | 9 | Report of the Probation Officer with letters and attachments is read and considered. |
| | 10 | Defendant waives time and formal arraignment for judgment and sentencing and states there is no legal cause why judgment should not be pronounced. |

MINUTE ORDER
Hood, Albert Lee - F10901145

Report Date: 12/28/11 11:57 AM

Superior Court of California, County of Fresno
CENTRAL DIVISION
1100 Van Ness Avenue, Fresno, CA 93724.

# MINUTE ORDER

Defendant Name: **Hood, Albert Lee**                Case No: **F10901145**

| Docket dt | Seq | Text |
|---|---|---|
| 8/27/2010 | 12 | The Court grants probation. |
| | 13 | Imposition of judgment and sentence is suspended for a period of 3 Years and defendant is placed on 3 Years FORMAL probation for count(s) 1, 2 on the following terms and conditions as ordered by the Court: |
| | 14 | As to count(s) 1, 2, defendant to serve 365 Days Fresno County Jail. |
| | 15 | Credit for time served 353, actual 177, goodtime/worktime 176, treatment 0. Tentative release date: 08/27/2010 |
| | 16 | Defendant ordered to report to Probation. Report by: 08/31/2010 |
| | 17 | Pursuant to Penal Code 1465.8, a $60.00 Court Security Fee is to be paid to the Court in addition to fines and fees order to be paid through Probation. |
| | 18 | Pursuant to GC 70373, a $60.00 Criminal Conviction Assessment Fee is to be paid to the Court in addition to fines and fees order to be paid through Probation. |
| | 19 | Payment extended to 08/27/2013. |
| | 20 | All fees payable through the Probation Department. Fee of $400.00 Restitution Fund PC 1202.4. |
| | 21 | Pursuant to Penal Code 1202.44, defendant advised that if Probation is revoked an additional $400.00 will be ordered. |
| | 22 | Court orders defendant to pay Probation Report and Supervison fee pursuant to PC1203.1b to the Probation Department. |
| | 23 | Obey all laws. |
| | 24 | Defendant to obey all orders of the Probation Officer and report as directed. |
| | 25 | Submit to alcohol and drug testing as required by the Court or Probation Officer. |
| | 26 | Submit to search and seizure of your person, residence, vehicle or any property under your control at any time of the day or night by any law enforcement or probation officer with or without a warrant, and with or without reasonable cause or reasonable suspicion. |

Superior Court of California, County of Fresno

CENTRAL DIVISION

1100 Van Ness Avenue, Fresno, CA 93724.

# MINUTE ORDER

Defendant Name: **Hood, Albert Lee**                    Case No: **F10901145**

| Docket dt | Seq | Text |
|---|---|---|
| 8/27/2010 | | |
| | 27 | Defendant to sign a waiver of confidentiality. |
| | 28 | Report change of address to the Court and/or Probation within 7 days. |
| | 29 | Defendant to enroll in any as directed by Probation. |
| | 30 | Do not use drugs. |
| | 31 | Seek and maintain gainful employment during the probationary period. |
| | 32 | Do not possess or control any dangerous or deadly weapons, including firearms. |
| | 33 | Do not contact the victim or victim's family members without the consent of your Probation Officer or the Court. |
| | 34 | Do not use, or threaten to use, force or violence on any person except in self-defense. |
| | 35 | Submit to DNA testing pursuant to Penal Code 296. |
| | 36 | Defendant advised Court authorizes that defendant may move outside of California. Defendant to notify Probation before returning to state. |
| | 37 | Defendant released on all counts. On Probation |
| | 38 | Minutes of B. Graves entered by J. Tankerlsey on 08/27/2010. |
| | 39 | Notice to Sheriff issued. |

The foregoing instrument is a correct
copy of the original on file in this
office.

ATTEST: DEC 2 8 2011

TAMARA L. BEARD, Superior Court Clerk
State of California, County of Fresno
By _____ DEPUTY

U.S. v. Hood, 1:11-CR-00443 AWI09/05/2012  37

Superior Court of California, County of Fresno

CENTRAL DIVISION
1100 Van Ness Avenue, Fresno, CA 93724.

# MINUTE ORDER

Defendant Name: **Hood, Albert Lee**        Case No: **F10901145**

Address:                                    Date Sentenced: 08/27/10

AKAs:      Hood, Herbert  ;  Jood, Albert Lee

DOB:                    Sex: M      Hair: Black      Height:   5' 11"
DLN:                                Eyes: Brown      Weight:   210

Violation Date:      02/20/10                          BAC:
Prosecuting Atty:    Ybarra, Alaina Nicole             BKG #:   1147566
Issuing Agency:      District Attorney                 DR #:    10-12612
Filing Agency Case:  2010F7261

Date of Order:    12/07/11      Judge: Penner, Don          Dept:    11

Charging Doc:    Original Information

| CNT | OL | CHARGE | CNT | OL | CHARGE |
|-----|----|--------|-----|----|--------|
| 1 | F | 245(a)(1) PC | 2 | F | 12021(a)(1) PC |
| 3 | F | 12020(a) PC | | | |

| Docket dt | Seq | Text |
|-----------|-----|------|
| 12/7/2011 | | |
| | 1 | **Hearing held on 12/7/2011 at 01:30:00 PM in Department 11, B1 Floor for Probation Hearing VOP Arraignment.** |
| | 2 | Judicial Officer: Penner, Don, Judge |
| | 3 | Courtroom Clerk: Cain, Dorina |
| | 4 | Court Reporter: Torres, Renee |
| | 5 | Linden Lindahl - Wheel appearing with defendant. |
| | 6 | People present and are represented by, Alaina Nicole Ybarra, Deputy District Attorney. |
| | 7 | Oral motion by Defense requesting continuance. |
| | 8 | Motion granted . |
| | 9 | **Probation Hearing re: VOP Arraignment continued to 01/09/2012 at 08:30 AM in Department 11, B1 Floor. Requested at request of Defense.** |
| | 10 | **Probation Hearing re: VOP Arraignment vacated for 12/14/2011 at 01:30 PM in 11.** |
| | 11 | Probation remains revoked. |

Page 1 of 2                    MINUTE ORDER                Report Date: 12/28/11 11:57 AM
                             Hood, Albert Lee - F10901145

CENTRAL DIVISION
1100 Van Ness Avenue, Fresno, CA 93724.

# MINUTE ORDER

**Defendant Name:** **Hood, Albert Lee**                                    Case No: **F10901145**

| Docket dt | Seq | Text |
|---|---|---|
| 12/7/2011 | | |
| | 12 | Defendant is ordered to be present at next hearing. |
| | 13 | Defendant remains in custody. |
| | 14 | Minutes of D. Cain entered by J. Carrillo on 12/07/2011. |
| | 15 | Notice to Sheriff issued. |

The foregoing instrument is a correct
copy of the original on file in this
office.

ATTEST:    DEC 28 2011



TAMARA L. BEARD, Superior Court Clerk
State of California, County of Fresno
By_____
                                              DEPUTY

---

U.S. v. Hood, 1:11-CR-00443 AWI 09/05/2012  39

SUPERIOR COURT OF CALIFORNIA • COUNTY OF FRESNO
1100 Van Ness Avenue
Fresno, California 93724-0002

FOR COURT USE ONLY

FILED

FRESNO COUNTY SUPERIOR COURT
By _____ DEPUTY

PEOPLE OF THE STATE OF CALIFORNIA

vs.

DEFENDANT: ALBERT HOOD

**FELONY ADVISEMENT, WAIVER OF RIGHTS, AND PLEA FORM**

CASE NUMBER: F10901145

I understand the **nature of the charges** against me. I request to withdraw my plea of not guilty and now plead ☐ GUILTY
☑ NO CONTEST to the following violation(s) of law (list counts, code sections, priors, and any conditions of the plea):

PC. 245(a)(1)   AC AMENDED - DISP   [ALH]
REMAINING COUNTS.   NISP INDICATED]
↳ PC. 12021 , ADMIT ONE PRISON PRIOR

**RIGHT TO AN ATTORNEY:**
I understand I have the right to be represented by an attorney at all stages of the proceedings, and if I am unable to afford an attorney, the court will appoint one for me. I have had enough time to discuss my case and all possible defenses with my attorney. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . [ALH]

**CONSTITUTIONAL RIGHTS:**
I understand I am presumed innocent and the State is required to prove me guilty beyond a reasonable doubt. I also understand that I have the following constitutional rights as to all matters charged against me:

|  |  | I understand this right | I give up this right |
|---|---|---|---|
| 1. | The right to a speedy, public JURY or COURT TRIAL. . . . . . . . . . . . . . . . . . . . . . . . | ALH | ALH |
| 2. | The right to be CONFRONTED by WITNESSES against me; that is, to see, hear and question all witnesses against me. . . . . . . . . . . . . . . . . . . . . . . . . . . | ALH | ALH |
| 3. | The right to NOT INCRIMINATE MYSELF; that is, not to be compelled to testify against myself though I may testify if I choose to do so. . . . . . . . . . . . . . . . . . . . . . . . . . . | ALH | ALH |
| 4. | The right to PRESENT EVIDENCE at no cost to me and to have the court issue subpenas to bring into court all witnesses and evidence favorable to me. . . . . . . . . . . . | ALH | ALH |

**CONSEQUENCES OF PLEA OF GUILTY OR NO CONTEST:** I understand:

1. If I am presently on parole or probation, my change of plea could be a reason for finding me in violation of my parole or probation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . [ALH]

2. If I am not a citizen, my change of plea can result in my deportation, exclusion from admission to the United States, and/or a denial of naturalization. **Deportation may be mandatory for this offense.**
   **I have fully discussed this matter with my attorney and and understand the serious immigration consequences of my plea.** [ALH]

3. The maximum sentence I can receive as a result of my plea includes:
   a. __5__ years ~~or~~ ~~__ months~~ in state prison, and up to 48 months parole, with up to 1 year return to prison for every parole violation. If I should receive probation, it could be for up to 5 years, and could include 1 year in local custody. I understand that if I violate any terms or conditions of probation I can be sent to state prison for the maximum term . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . [ALH]

FCR-54 R02-10    **FELONY ADVISEMENT, WAIVER OF RIGHTS, AND PLEA FORM**    Page 1 of 2

b.  I can also be fined up to $10,000 and ordered to pay restitution in the minimum amount of $200, and up to $10,000. _ALH_

c.  If I am addicted to or in danger of becoming addicted to dangerous drugs, I can be sent to the California Rehabilitation Center . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . _ALH_

4.  Other possible consequences of this plea may include (e.g. registration): _____ _ALH_
_____

5.  I understand that I will be required to provide buccal swab samples and any blood specimens or other biological samples for law enforcement identification analysi . . . . . . . . . . . . . . . . . . . . . . . . . . . _ALH_

6.  The matter of probation and sentence is to be determined solely by the court. . . . . . . . . . . . . . . . . . _ALH_

7.  I am entering into my plea freely and voluntarily, without fear or threat to me or anyone closely related to me. . . . . . _ALH_

8.  The facts on which I base my plea are: _PEOPLE V. WCC_ _ALH_
_____

I declare under PENALTY OF PERJURY, under the laws of the State of California, that I have read, understood, and initialed each item above, and everything on this form is true and correct.

Date: _7/16/10_     Signed: X _[signature]_
                              *(Defendant)*

### WAIVER OF JUDGE

I understand that I have the right to enter my plea before and be sentenced by a judge. I give up this right and agree to enter my plea and be sentenced by a temporary judge.

Date: _____     Signed: _____
                                   *(Defendant)*

### ATTORNEY'S STATEMENT

I am the attorney of record for the defendant and have reviewed this form with my client. I have explained to the defendant each of his/her rights and answered all of the defendant's questions with regard to this plea. I have discussed the facts of the case with the defendant, and explained the consequences of this plea, the elements of the offense(s), and the possible defense(s). I concur with this plea and the defendant's decision to waive his/her constitutional rights.

Date: _7/16/10_     Signed: _[signature]_
                            *(Attorney for Defendant)*

### INTERPRETER'S STATEMENT (IF APPLICABLE)

I, _____, have been duly sworn and have truly translated this form to the defendant in the _____ language. The defendant indicated that (s)he understood the contents of the form, and (s)he has initialed the form.

Date: _____     Signed: _____
                                   *(Court Interpreter)*

### COURT'S FINDINGS AND ORDER

The Court, having reviewed this form and having questioned the defendant concerning the defendant's constitutional rights, accepts the defendant's plea(s) and the factual basis for the plea(s), and finds that the defendant has expressly, knowingly, understandingly, and intelligently waived his/her constitutional rights. The Court finds that the defendant's plea(s) is freely and voluntarily made with an understanding of the nature and consequences of the plea(s). The defendant is convicted on the basis of his/her plea(s).

The Court orders this form filed and entered in this case.

The foregoing instrument is a correct copy of the original on file in this office.

Date: _7-16-_     ATTEST     DEC 2 8 2011     Signed: _[signature]_
                                                      *(Judge of Superior Court)*

TAMARA L. BEARD, Superior Court Clerk     U.S. v. Hoopt 1:11-CR-00443 AWI 09/05/2012  41
State of California, County of

SUPERIOR COURT OF CALIFORNIA, COUNTY OF FRESNO
CENTRAL DIVISION

FILED
FRESNO COUNTY
SUPERIOR COURT
10 MAR -8 PM 3:50

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>                              Plaintiff<br><br>                   vs.<br><br>Albert Lee Hood,<br>   aka Albert Lee Jood<br><br>                         Defendant(s) | COMPLAINT - CRIMINAL<br><br>FELONY COMPLAINT<br><br>COURT CASE NO. F 1 0 9 0 1 1 4 5<br>DA FILE NO. 2010F7261   CIF<br><br>IC 227,000 - |

Agency: Fresno Police Department

Defendant
Albert Lee Hood

Agency Report Number: 10-12612

Birth Date          JID          Booking No.

Personally appeared before me, who first being duly sworn, complains and alleges:

## COUNT 1

On or about February 20, 2010, in the above named judicial district, the crime of ASSAULT WITH A FIREARM, in violation of PENAL CODE SECTION 245(a)(2), a felony, was committed by Albert Lee Hood, who did willfully and unlawfully commit an assault on ███████████ with a firearm.

"NOTICE: Conviction of this offense as a felony will require you to provide two specimens of blood, a saliva sample, right thumbprints, and a full palm print impression of each hand pursuant to Penal Code section 296."

It is further alleged that in the commission and attempted commission of the above offense, the said defendant(s) Albert Lee Hood, personally used a firearm, to wit: Handgun within the meaning of Penal Code section 12022.5(a).

It is further alleged that in the commission and attempted commission of the above offense, the defendant(s) Albert Lee Hood, personally used a dangerous and deadly weapon, to wit: Handgun, within the meaning of Sections 667 and 1192.7 of the Penal Code.

*****

## COUNT 2

On or about February 20, 2010, in the above named judicial district, the crime of CRIMINAL THREATS, in violation of PENAL CODE SECTION 422, a felony, was committed by Albert Lee Hood, who did willfully and unlawfully threaten to commit a crime which would result in death and great bodily injury to ███████████, with the specific intent that the statement be taken as a threat.   It is further alleged that the threatened crime, on its face and under the circumstances in which it was made, was so unequivocal, unconditional, immediate and specific as to convey to ███████████ a gravity of purpose and an immediate prospect of execution.   It is further

mrp 3 8 10

Page 1

alleged that ███████████████████ was reasonably in sustained fear of his/her safety and the safety of his/her immediate family.

It is further alleged that in the commission and attempted commission of the above offense, the said defendant(s) Albert Lee Hood, personally used a firearm, to wit:  Handgun within the meaning of Penal Code section 12022.5(a).

It is further alleged that in the commission and attempted commission of the above offense, the defendant(s) Albert Lee Hood, personally used a dangerous and deadly weapon, to wit: Handgun, within the meaning of Sections 667 and 1192.7 of the Penal Code.

*****

## COUNT 3

On or about February 20, 2010, in the above named judicial district, the crime of ASSAULT BY MEANS LIKELY TO PRODUCE GREAT BODILY INJURY, in violation of PENAL CODE SECTION 245(a)(1), a felony, was committed by Albert Lee Hood, who did willfully and unlawfully commit an assault on ████████████████ by means of force likely to produce great bodily injury.

"NOTICE:  Conviction of this offense as a felony will require you to provide two specimens of blood, a saliva sample, right thumbprints, and a full palm print impression of each hand pursuant to Penal Code section 296."

*****

## COUNT 4

On or about March 4, 2010, in the above named judicial district, the crime of POSSESSION OF FIREARM BY A FELON, in violation of PENAL CODE SECTION 12021(a)(1), a felony, was committed by Albert Lee Hood, who did unlawfully own, possess and have custody and control of a firearm, to wit, Shotgun, the said defendant(s) having theretofore been duly and legally convicted of a felony or felonies, to wit:

| Conv Date | Charge | Court Case # | Court |
|---|---|---|---|
| 04/07/2000 | PC 273.5 | F99907401-4 | Fresno Superior Ct. |
| 02/15/2000 | VC 10851 | F9915509-4 | Fresno Superior Ct. |

*****

## COUNT 5

On or about March 4, 2010, in the above named judicial district, the crime of SHORT BARRELED SHOTGUN OR RIFLE ACTIVITY, in violation of PENAL CODE SECTION 12020(a), a felony, was committed by Albert Lee Hood, who did unlawfully manufacture, cause to be manufactured, import into the state, keep for sale, offer and expose for sale, give, lend and possess a short-barreled shotgun.

*****

It is further alleged pursuant to Penal Code section 667.5(b) that the defendant(s) Albert Lee Hood, has suffered the following prior conviction(s):

| Conv Date | Charge | Court Case # | Court |
|---|---|---|---|
| 04/07/2000 | PC 273.5 | F99907401-4 | Fresno Superior Ct. |
| 02/15/2000 | VC 10851 | F9915509-4 | Fresno Superior Ct. |

mrp 3 8 10                                        Page 2

and that a term was served as described in Penal Code section 667.5 for said offense(s), and that the defendant(s) did not remain free of prison custody for, and did commit an offense resulting in a felony conviction during, a period of five years subsequent to the conclusion of said term.

*****

All of which is contrary to the form, force, and effect of the Statute in such case made and provided, and against the peace and dignity of the people of the State of California.

*   *   *   *   *

Pursuant to Penal Code Sections 1054.5(b), the People are hereby informally requesting that defense counsel provide discovery to the People as required by Penal Code Section 1054.3.

Subscribed and sworn to before me on

DATE: _____ 3.8.10

Attest: _____

_____

DEPUTY CLERK

_____ D. Gilbert

COMPLAINANT

The foregoing instrument is a correct copy of the original on file in this office.

ATTEST: DEC 2 8 2011

TAMARA L. BEARD, Superior Court Clerk
State of California, County of Fresno
By _____
_____ DEPUTY

mrp 3.8.10

Page 3

## LAW ENFORCEMENT REPORT FORM
### FRESNO POLICE DEPARTMENT
2323 MARIPOSA MALL, FRESNO CA 93721
Phone: (559)621-7000
CA0100500

**Event: 10AG5235**                                                                          **Case: 10-012612**

| INCIDENT INFORMATION |
| --- |

**Reports:** 1 to 5        **District:** SW **Sector:** C        **Zone:** 2556
**Definition and Class:** PC245(A)(2) - ASLT W/FIREARM ON PERSON - Lvl F
**Occurred From:** 02/20/10 10:00 Sat        **Occurred To:** 02/20/10 10:10 Sat        **Received Date:** 02/20/10 11:22 Sat
**Location:** 265 N EFFIE ST FRESNO
**Cross Street:** E MCKENZIE AV
**How Rcv::** T

| CASE FACTORS |
| --- |

**EVIDENCE**
    SUSPECT PHOTO UNAVAILABLE
**FOLLOWUP**
    VICTIM WILL PROSECUTE
**INVESTIGATION**
    SCENE PROCESSED BY IBUREAU, SCENE PROCESSED BY OFFICER, SCENE PROCESSED/EVIDENCE
    SURROUNDING AREA CANVASSED, VIC INJURIES PHOTOGRAPHED
**SPECIAL FACTORS**
    ADDITIONAL INFO, ELECTRONIC REPORT

| APPROVALS AND ROUTING |
| --- |

**Close Class:** 4D1 - AGGRAVATED ASSAULT **Open Class::** 4D2
**Premise:** R    **# of Premises:** 1    **CAS Code:** ASLT
**Printed:** 8/21/2012 4:57:45 PM    **Printed By:** SZATMARI (V3871), STACIE(P1373)    **Printed From:** A67400MA
**Rpt #:** 1    **Type:** FIRST    **Officer:** GARCIA (V3374), OMAR #P1147    **Clerk:** #    **Created:** 02/20/10 11:22
**Filed Date:** 02/20/10 14:55 **Assigned Date:** 02/20/10 14:55
**Approved By:** WATSON RT 8.20.10, JAMES E #S85                                **Date Approved:** 2/27/2010 10:12:15 AM
**Reviewed By:** CORBIN (V2412), SHERRY L. #T41                                **Date Reviewed:** 2/27/2010 11:13:03 AM
**Rpt #:** 2    **Type:** SUPP **Report Time:** 0    **Investigation Time:** 0    **Officer:** WARD LO 7.1.10, KARA #ID87
**Clerk:** WARD LO 7.1.10, KARA #ID87 **Created:** 02/20/10 15:56    **Filed Date:** 02/20/10 11:22
**Assigned Date:** 02/20/10 15:56
**Approved By:** WEST (V3783), SCOTT L. #ID4                                **Date Approved:** 2/22/2010 2:00:51 PM
**Reviewed By:** PRECELLA , MICHELLE #T610                                **Date Reviewed:** 2/23/2010 10:17:37 AM
**Rpt #:** 3    **Type:** SUPP **Report Time:** 0    **Investigation Time:** 0    **Officer:** MARTIN (V3017), CONRADO #P1171
**Clerk:** MARTIN (V3017), CONRADO #P1171 **Created:** 03/04/10 08:33    **Filed Date:** 02/20/10 11:22
**Assigned Date:** 03/04/10 08:33
**Approved By:** RAMOS (V2440), DAVID A #S128                                **Date Approved:** 3/4/2010 7:01:00 PM
**Reviewed By:** CARVALHO (V2056), JUDY #JUDY                                **Date Reviewed:** 3/5/2010 10:38:24 AM
**Rpt #:** 4    **Type:** SUPP **Report Time:** 0    **Investigation Time:** 0    **Officer:** BECERRA (V5915), HECTOR #P1018
**Clerk:** BECERRA (V5915), HECTOR #P1018 **Created:** 03/04/10 13:32    **Filed Date:** 02/20/10 11:22
**Assigned Date:** 03/04/10 13:32
**Approved By:** MARTIN (V3017), CONRADO #P1171                                **Date Approved:** 5/8/2010 2:15:27 PM
**Reviewed By:** VASQUEZ (V2005), EVA #T93                                **Date Reviewed:** 5/8/2010 3:16:02 PM
**Rpt #:** 5    **Type:** SUPP **Report Time:** 0    **Investigation Time:** 0    **Officer:** BURROW (V3817), MICHAEL #ID47
**Clerk:** BURROW (V3817), MICHAEL #ID47 **Created:** 03/04/10 13:51    **Filed Date:** 02/20/10 11:22
**Assigned Date:** 03/04/10 13:51
**Approved By:** WEST (V3783), SCOTT L. #ID4                                **Date Approved:** 3/4/2010 2:58:23 PM
**Reviewed By:** CARVALHO (V2056), JUDY #JUDY                                **Date Reviewed:** 3/4/2010 6:06:26 PM
**Routing:** None

U.S. v. Hood, 1:11-CR-00443 AWI
Exhibit C, 10/10/2012  1

**FRESNO POLICE DEPARTMENT**

**Event: 10AG5235**                          CA0100500                          **Case: 10-012612**

| NAMES |
|---|

**Inv:** ARRESTED # 1      **Rpt:** # 4      **Adult/Juvenile:** A      **Type:** PERSON
**Name:** HOOD, ALBERT LEE
**Race:** B      **Sex:** M      **DOB:** ▓▓▓▓      **Age:** 45      **Height:** 511   **Weight:** 210   **Hair:** BLK   **Eyes:** BRO
**Language:** ENGLISH      **PD#:** 73273   **Birth City:** FRESNO      **Birth State:** CA      **Clothing:** WHT T SHIRT/BLU JEANS

**Physical Desc:**

| Category | Type |
|---|---|
| EMOTIONAL STATE | CALM |
| INJURY | NONE |
| BODY BUILD | HEAVY |
| HAIR LENGTH | SHAVED |
| HAIR TYPE | BALD |

**AKA Name:** DIMPLES

| Scars, Marks and Tattoos: | Location | Feature | Description |
|---|---|---|---|
| | UR ARM | TAT | PLAYBOY BUNNY |
| | L BRS | TAT | JUANITA |
| | CHEST | TAT | JUDY HOOD |
| | CHEST | TAT | UPPER R CHEST "HOOD" (RIGHT) FELICIA HOOD |

**Identif** ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
**Home:** ▓▓▓▓▓▓▓▓▓▓▓▓
**Phone:** UNK

***** Charge Information *****

| Section | Code | Lvl | Description | Counts | Bail | Warrant |
|---|---|---|---|---|---|---|
| 245(A)(1) | PC | F | FORCE/ADW NOT FIREARM:GBI | 1 | | |
| 245(A)(2) | PC | F | ASLT W/FIREARM ON PERSON | 1 | | |
| 12025(B)(6)(B) | PC | M | NOT REG OWNER OF WPN | 1 | | |
| 12021(A)(1) | PC | F | FELON/ETC POSS FIREARM | 1 | | |
| 12020(A) | PC | F | POS/MFG/SELL DANG WPN/ETC | 1 | | |

**Section:** 245(A)(1)   **Judicial District:** FRESNO MUNI      **Dispo:** 4
**Section:** 245(A)(2)   **Judicial District:** FRESNO MUNI      **Dispo:** 4
**Section:** 12025(B)(6)(B)   **Judicial District:** FRESNO MUNI      **Dispo:** 3
**Section:** 12021(A)(1)   **Judicial District:** FRESNO MUNI      **Dispo:** 4
**Section:** 12020(A)   **Judicial District:** FRESNO MUNI      **Dispo:** 4

---

**Inv:** SUSPECT # 1      **Rpt:** # 1      **Adult/Juvenile:** A      **Type:** PERSON
**Name:** UNK
**Race:** B      **Sex:** M      **Age:** 45 to 50      **Height:** 602 to 603   **Weight:** 240 to 250   **Hair:** BLK   **Eyes:** XXX
**Language:** ENGLISH      **Clothing:** BLACK T-SHIRT, BLACK PANTS BLK SHOES   **Crime Type:** 245
**Suspect Status:** ATLG
Unknown

**Physical Desc:**

| Category | Type |
|---|---|
| EMOTIONAL STATE | UPSET |
| BODY BUILD | HEAVY |
| HAIR LENGTH | SHORT |
| COMPLEXION | DARK |
| FACIAL HAIR | MUSTACHE |
| FACIAL HAIR | GOATEE |
| GENERAL APPEARANCE | CASUAL |
| WEAPON | HANDGUN |
| GUN FEATURE | REVOLVER |
| GUN FEATURE | CHROME/SILVER |

## FRESNO POLICE DEPARTMENT

**Event: 10AG5235**                          CA0100500                          **Case: 10-012612**

**Address:** , FRESNO, CA
***** Charge Information *****

| Section | Code | Lvl | Description | Counts | Bail | Warrant |
|---|---|---|---|---|---|---|
| 245(A)(2) | PC | F | ASLT W/FIREARM ON PERSON | 1 | | |

**Judicial District:** FRESNO MUNI

---

**Inv:** SUSPECT # 2   **Rpt:** # 1   **Adult/Juvenile:** A   **Type:** PERSON
**Name:** UNK
**Race:** B   **Sex:** M   **Age:** 30 to 35   **Height:** 602 to 603   **Weight:** 200 to 210   **Hair:** BLK   **Eyes:** XXX
**Language:** ENGLISH   **Clothing:** DARK BLUE SHIRT,PANTS, SHOES AND SHOE LACES   **Crime Type:** 245
**Suspect Status:** ATLG
 Unknown

**Physical Desc:**

| | Category | Type |
|---|---|---|
| | EMOTIONAL STATE | IRRATIONAL |
| | EMOTIONAL STATE | THREATENING |
| | EMOTIONAL STATE | UPSET |
| | BODY BUILD | HEAVY |
| | HAIR LENGTH | SHLDR |
| | HAIR TYPE | OTHER |
| | HAIR STYLE | BRAIDED |
| | COMPLEXION | DARK |
| | FACIAL HAIR | CLN SHAVE |
| | GENERAL APPEARANCE | CASUAL |
| | WEAPON | HANDGUN |
| | GUN FEATURE | REVOLVER |
| | GUN FEATURE | CHROME/SILVER |

**Address:** , FRESNO, CA
***** Charge Information *****

| Section | Code | Lvl | Description | Counts | Bail | Warrant |
|---|---|---|---|---|---|---|
| 245(A)(2) | PC | F | ASLT W/FIREARM ON PERSON | 1 | | |
| 422 | PC | F | THRTN CRIME:INT:TERRORIZE | 1 | | |

**Section:** 245(A)(2)   **Judicial District:** FRESNO MUNI
**Section:** 422   **Judicial District:** FRESNO MUNI

---

**Inv:** V   venile: A   **Type:** PERSON
**Name:**
**Race:** W   **Sex:** M   **DOB:**
**Language:** ENGLISH
**Home:**
**Phone:**

---

**Inv:** W   Juvenile: A   **Type:** PERSON
**Name:**
**Race:** W
**AKA Name:**
**AKA Name:**
**Home:**
**Phone:**

U.S. v. Hood, 1:11-CR-00443 AWI
Exhibit C, 10/10/2012   3

## FRESNO POLICE DEPARTMENT

**Event: 10AG5235**                    CA0100500                    **Case: 10-012612**

| VEHICLES |
| --- |

**Inv:** SUSPECT INVOLVEMENT  **Rpt:** # 1   **Date/Time:** 2/20/2010 11:22:00 AM
**State:** CA     **Style:** 4D     **Color:** GRY  **Vehicle Dispo:** ATL
**Description:** LATE 80'S COMPACT. REAR WINDOWS TINTED AND #4 DMV STICKER ON REAR WINDOW.  WHITE LETTERS ON REAR WINDOW POSS IN GOD I TRUST.

| MO |
| --- |

None

| OTHER FACTORS |
| --- |

**ATTACK METHOD**
    WEAPON

| NARRATIVE |
| --- |

Narrative from Report #1   GARCIA (V3374), OMAR (P1147)

##### ***** <u>NARRATIVE DICTATED</u> *****


<u>MEMBERS WHO CAN TESTIFY:</u>

I-Bureau Tech K. Ward, ID 87.

<u>SOURCE OF ACTIVITY:</u>

On Saturday, 02-20-10, at approximately 1343 hours, while on uniformed patrol, I was dispatched to 140 North Clark regarding a victim of assault who was at this location.

<u>INVESTIGATION:</u>

Upon arrival at CRMC, 140 North Clark, I made contact            tim ▮▮▮▮▮▮▮▮ had just been released from CRMC and was waiting to speak to me. I observed ▮▮▮▮▮ to have a large bruise on the right portion of his face.  This bruise was later photographed by I-Bureau Tech K. Ward.  For a full detailed description on this injury see the follow-up completed by K. Ward, ID Number 87.  I then received the following statement from ▮▮▮▮▮▮▮▮▮▮▮ tried to provide me with the location of occurrence but was unable to do so.  At this point I transported ▮▮▮▮▮ to the area of McKenzie and Effie.  He pointed out an address of 265 North Effie as the location of occurrence.


<u>**STATEMENT MADE BY**</u> ▮▮▮▮▮▮▮:

▮▮▮▮▮ stated that he and his uncle identified in this report as Witness▮▮▮▮▮▮ were visiting a friend at this 265 N ▮▮▮▮▮address. Victim ▮▮▮▮▮ was standing outside the fenced in area smoking a cigarette while his friend ▮▮▮▮▮ and several other male subjects were inside the fenced in area.  He only knows the other male subjects by their first names.  He know ▮▮▮▮▮ ner of the 265 North Effie address as ▮▮▮▮▮▮▮▮.  The second male subject he only kn ▮▮▮▮▮ He stated that ▮▮▮▮▮ knows both subjects better.  While he was outside smoking all three, ▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮ were inside the yard speaking to one another.  He stated that ▮▮▮▮▮ had been drinking and appeared to be intoxicated.  He continued outside and then saw a black male subject walking southbound on Effie on the west side of the street.  This subject was later identified as Suspect N ▮▮▮▮.  Suspect #1 was walking on the west side of the street on the roadway.  He was not speaking to Victim ▮▮▮▮▮ ybody else at the 265 North Effie address.  As Suspect 1 walked past the 265 North Effie address.  Victim ▮▮▮▮▮ heard as ▮▮▮▮▮ commented something in Spanish.  He said he heard

███████ say something to the effect of, "Pinche Mayate". Victim ████████ is not very fluent in Spanish but did understand that this meant the ," Fucken N". He was unsure if ██████ was directing ██████ ment towards Suspect # 1 who wa███████ g by. Suspect #1 was able to hear the comment made by ██████ and immediately began arguing with ██████ concerning the comment he made. ████████ walked out to the street and was telling Suspect #1 that he did not mean to offend him and the comment was not meant towards him. ████████ was very apologetic and continued to tell Suspect #1 th██████ mment that he made was not directed towards him. Suspect #1 however did not believe ██████. ██████ then stated that he had no time to argue and got in his car and began ████████ away. As he did this Suspect #1 immediately got on his cell phone and began calling someone. ████████ w██████ e who he was calling but he recalls hearing Suspect #1 say, "Get over here right away." Shortly after ████████ heard a car driving very fast. He said he saw a grey colored small four door compact vehicle coming westbound on McKenzie toward Effie. The car then made a left turn and went southbound on Effie and parked approximately four to five car lengths north of the 265 North Effie address. The vehicle was parked on the west curb line. Suspect #2 who was described as a black male adult approximately 30 to 35 years of age, 6'2" to 6'3" tall, 200 to 210 pounds with black hair which was braided. Suspect #2 had white beads braided into his hair. Suspect #2 was wearing all dark blue clothing even down to his ████████e. As Suspect #2 exited right front passenger door of the vehicle he began rushing towards Victim ████████ at this point was still ████████ e sidewalk in front of the 265 North Effie address. Suspect Number 2 continued walking towards Victim ██████ and as he got approximately 30 feet away from him, ██████ saw a chrome colored revolver ████ ect #2's right hand. Suspect #2 at this point cocked back the hammer and as he pointed the gun towards ██████ he yelled out, "I'm going to kill you, I'm going to kill you." Suspect #2 then began pulling the trigger on the gun. Suspect #2 continued to advance as he continued pulling the trigger over and over again. It appeared that the gun had malfunctioned and was not firing. Suspect #2 then began yelling out, "Oh ████████ ng, oh shit it's not working." Suspect #2 was now approximately 3 to ██████ n front of Victim ████████ stated that he at this point took this opportunity to strike Suspect #2. ████████ swung and hit Suspect #2 across the face. This caused Suspect #2 to fall and stumble. Suspect #2 at this point dropped the gun onto the sidewalk. ████████ got on top of Suspect #2 and began striking him to keep him from grabbing the gun. As both ██████ and Suspect #2 continu████ ht with one another he heard Suspect #2 yell out, "Grab the gun before they grab it." At this point Victim ████████ turned to see where the gun was and noticed that the butt of the gun was c████ ards h██████ Suspect #1 had at this point picked up the gun and was now swinging it at Victim ████████ face. ██████ was struck on the right portion of his face which immediately caused him to get disoriented and confused. ██████ fell to the ground and w██████ being hit by both Suspect # 1 and Suspect #2. He stated that it felt like both of them were kicking Victim ██████ all over the body. Victim ████████ then heard a female who he had originally seen driving the vehicle yell out, "Let's go before they call the cops." At this point he saw both Suspect #1 and Suspect #2 running back towards the suspect vehicle. Suspect # 2 ran to the back right rear passenger door and Suspect #1 ran to the right front passenger side of the vehicle. They both got into the vehicle and the driver, which was a white female adult, made a U-turn and sped away eastbound on McKenzie from Effie. Victim ██████ stated that he would positively be able to identify both Suspect #1 and Suspect #2. He said the female was a white female adult, approximately 30 to 35 years of age and wa██████ set and approximately 250 plus pounds. He would not be able to identify the female driver. Victim ██████ was willing to pursue charges and was willing to testify to his statement. ████████ further added that he was in fear for his life when Suspect #2 told him he was going to kill him but he was so in shock and believed that if he ran he was going to get shot in the back.

INVESTIGATION CONTINUED:

I then turned my attention and made contact with Witness ████████████ provided me with the following statement.

STATEMENTS MADE BY WITNESS ████████:

████████ stated that his nephew Victim ████████ accompanied him to the 265 North Effie address this morning at about 1000 hours. They were there visiting some of ████████ friends, ████████ e owner of the house, ████████ and the second who is a long time friend who goes by ████████. He did not know where Sunday lived at this present time and did not have a good contact number for him. He stated t ████████ meet up at the 265 North Effie address to visit with one another. He continued on to say that ████████ and ████████ had been drinking prior to ████████ arrival. They appeared to be intoxicated. When they observed a black male subject identified as Suspect #1 walking on the street, ████████ made a derogatory comment about black people. He stated that he made this comment in Spanish and he referred to the black person by using the N word. This upset Suspect #1 and he immediately got on the phone as he began arguing with ████████ yelled out as he was walking to ████████ s vehicle that he did not have the time to argue with Suspect #1. Suspect #1 stated, "This is not over," as ████████ drove away. Suspect #1 was described as a black male adult, approximately 45 to 50 years of age, 6'2" to 6'3" tall, 240 to 250 pounds with black short hair. He was wearing a black shirt, black pants and black shoes. Subject had a small goatee ████████ stache. Both the goatee and mustache were very dark in color. After a very short period of time ████████ heard a car screeching around the corner. It was grayish colored small four door compact vehicle that was occupied by a female driver and a black male passenger, Suspect #2. Suspect #2 exited the right front passenger section of t ████████ le. ████████ saw him reaching into his wristband as he exited the vehicle and began rushing towards ████████ He was unsure of what Suspect #2 was getting but as he got closer he noticed that he had a chrome revolver in his right hand. It was at this point that Suspect #1 began to yell out, "He's not the one." Suspect #2 had already cocked the hammer back ████████ ointing and pulling the t ████████ n the handgun. Suspect #2 then continued rushing toward Victim ████████ It appeared that Victim ████████ surprised and he was not moving from where he was at. As Suspect #2 continued pointing the gun at ████████ he yelled out, "I'm going to fucking kill you." He did see Suspect #2 pulling the trigger but he did not hear the gun go off. He continued to hear Suspect #1 yelling, "He's not the one." It appeared that Suspect #2 was not hearing and/or liste ████████ Suspect #1. At this point Suspect #2 was approximately 3 to 4 feet away from Victim ████████ Victim ████████ then swung his right hand and struck Suspect #2 across ████████. Suspect #2 immediately fell to the ground and dropped the gun onto the concrete sidewalk. As Victi ████████ began struggling with Suspect #2 he heard someone yell out, "Get the gun before they get it." Witness ████████ stated that he turned his attention away from Victim ████████ and grabbed a shovel. He stated at this point he saw his friend Barney grabbing a baseball bat from the porch. Both he and ████████ began running to aid ████████ Both Suspects 1 and 2 saw them running towards them and began running towards the suspect vehicle. As they came outside he saw Suspect #1 get into the right rear passenger seat and Suspect #2 climbed into the right front passenger seat. He overheard Suspect #1 yelling out that this was not over as the vehicle mad ████████ nd sped away eastbound on McKenzie from Effie. It was at this point as the car drove away that ████████ noticed the Number 4 DMV sticker on the back windows and he noticed that the rear window had some white letters on it. He stated that he t ████████ he letters said "In God I Trust". He was not 100% sure of this though. He then stated that his friend ████████ wife who he knows as ████████ told him that she knew Suspect #1 from around the neighborhood. She stated that he possibly lived in the white apartment complex located on Diana near McKenzie. She told ████████ that she did not want to get involved and was not going to speak to officers.

## INVESTIGATION CONTINUED:

I then turned my attention and attempted to contact ████████ Neither one of them were at the residence. ████████ stated that he would be able to positively identify both Suspect #1 and Suspect #2 if he saw them again. He did describe the gun as a chrome colored revolver, possibly a 22. He said the barrel was long and holding h ████████ p held them approximately 8 inches apart. He said that the gun was all chrome except the brown grips. ████████ is willing to testify to the above statements.

CONCLUSIONS/DEDUCTIONS:

During the above date and time Suspect #1 and Suspect #2 assaulted Victim ████████ with an unknown caliber handgun.

DISPOSITIONAL INFORMATION:

1.  Victim ██████ was provided with the case information.
2.  Suspects 1 and 2 remain at large.
3.  Suspect vehicle also remains at large.
4.  The white female driver of the suspect vehicle remains at large.  She is at this point wanted for questioning in regards to the incident.
5.  I quickly checked the area for the liste ████████ on Diana and was unable to locate at the time of this call.
6.  For full detailed description of Victim ████████s injuries see the follow-up completed by I-Bureau Tech K. Ward, ID Number 87.

Narrative from Report #2   WARD LO 7.1.10, KARA (ID87)
**CRIME SCENE BUREAU:**
**02/20/2010 1550HRS**
**DIGITAL PHOTOGRAPHIC EVIDENCE: Photos of the victim's injuries.**

On the above date and time, in the Crime Scene Bureau, I photographed the injuries of the male adult victim. The photos were taken at the request of Off. O. Garcia #1147. Photos will show bruising with slight swelling to his right cheek and a scratch on his bottom right eyelid. Please refer to Off. Garcia's narrative for further information regarding this case.

All photos taken in this case will be on file in the FPD RPW system.

Narrative from Report #3   MARTIN (V3017), CONRADO (P1171)
# **FOLLOW-UP INVESTIGATION**

**PHOTO LINEUP SHOWN:**
1. 0882095
2. 09107025
3. 09121283 (Albert Hood)
4. 09121238
5. 09115803
6. FPD168381

**SOURCE:**
On 3/4/10 (Wednesday) Detective Becerra and myself conducted follow-up investigation of the above report.

## INVESTIGATION:

I contacted the victim [REDACTED] by phone and asked him if I could meet with him at this residence, so he could view a photographic line-up of [REDACTED] involved [REDACTED] me being investigated . I arrived and was contacted by Victim -1 [REDACTED] Victim-1 [REDACTED] advised Detective Becerra and myself to come inside his residence. I then read Victim-1 a photographic show-up admonition at 1537 hrs.

I asked him if he understood the admonition and he stated "yes". I then handed Victim-1 the photographic line-up face down. Victim-1 turned the photographic line-up over and viewed the photos at approximately 1539 hrs. Victim-1 immediately pointed to picture [REDACTED] ert Hood) and stated "thats him thats the one who kicked me and hit me with the gun". Victim [REDACTED] stated that he is willing to testify against S-1 Hood.Detective Becerra and myself then left the victims residence and went to headquarters.

Detective Becerra immediately wrote a search w[REDACTED] the address of [REDACTED] Ave for S-1 for [REDACTED] the weapon used in the crime against Victim [REDACTED] (See Detective Becerra followup report for additional info).Detective Becerra and myself then briefed the [REDACTED] e Bureau Tactical Team regarding S-1 Albert Hood. S-1 Albert Hood was contacted at [REDACTED] and arrested for the crime of PC 245(a)(1) and 245 (a)(2). S-1 Albert Hood was transported to the Street Violence Bureau for an interview regarding the above case. S-1 Albert Hood was placed in interview room # 1.  I mirandized S-1 Albert Hood with my department issued miranda card. I asked him if he understood his rights and he stated "yes".  I then obtained the following statement.

## STATEMENT OF S-1 ALBERT HOOD:

S-1 Albert Hood was advised of why he was at headquarters providing and interview. S-1 Hood stated that he was out of state on the day of the incident on 2/20/10. I then asked S-1 Hood to try and remember the day of the incident. S-1 hood stated that he remembered the day and here is a summary of his statement. S-1 Hood stated that he was walking south on effie Ave from McKenzie Ave.

He said he observed several subjects standing outside of 245 N. Effie Ave. He said he knows a female named Debra that lives there. He also stated that he has had prior confrontations at the location. S-1 Hood stated while walking he over heard a hispanic male say " fucking mayate" in spanish. S-1 Hood stated that he understood the spanish term as being "nigger". He said he then asked the males why they said that to him. He said there was a hispanic male and several white males at the residence. He said he walked towards the house and observed the male who called him a "fucking mayate"  go into there trunks and retrieve two crow bars.

He said he then walked down the street and saw a bottle in the street. He said he picked up the bottle and went back to the residence where the males were standing. He said the males stated I knew you couldn't walk away. S-1 hood stated he said no I cant homie. He said he then put the bottle down and stated come on catch that "fade" meaning fight. He said the males then said why don't you just get on. S-1 stated that the unknown hispanic male who called him a "fucking mayate"  got into his car and left the area.

 S-1 Hood stated that a male pulled up in a car and stated "whats up hood " Hood stated that he told the unknown male that the males were trying to fight him. S-1 Hood stated that the unknown male left the area and then he left walking towards the railroad track. I then asked S-1if he had any illegal [REDACTED] in his residence. S-1 stated that there was a sawed off shotgun inside his residence at [REDACTED] S-1 stated that the gun was his and he had the shotgun for his protection because he

recently was in a fight with bulldog gang members.  S-1 Hood did not want to provide any further statement.

**INVESTIGATION CONT:**

 I then advised S-1 Hood that he was going to be arrested for PC 245(a)(1), PC 245 (a)(2) (SEE ORIGINAL REPORT) and several weapons violations. S-1 was then transported to the Fresno County Jail by an awaiting wagon.

**CONCLUSIONS / DEDUCTIONS:**
S-1 Hood was found to be in violation of Penal Code Section 245(a)(1) for kicking the victim in the ribs during the fight ( See Original Report). S-1 was found to be in violation of 245(a)(2) for striking the victim in the face with a handgun. S-1 was also found to be in violation of several weapons offenses once the search warrant on his residence was completed.

**DISPOSITION:**
1. I can testify to the above report

2. See photo line-up #11560

3. Victim signed a photographic admonition form of Suspect -1 Hood

4. PCD was sent via EPCD

5. Victim Henson is willing to testify.

Narrative from Report #4   BECERRA (V5915), HECTOR (P1018)
## FOLLOW UP INVESTIGATION:

**OFFICERS WHO CAN TESTIFY:**
Det. Becerra P1018
Det. Martin P1171
Det. Meiss P803
Det. Dooms P1008
Det. Marez P477
Det. Briseno P1155
Det. Martinez P1121
Det. Heck P767
Det. Nadeau P636

**SOURCE:**
On Thursday, March 04, 2010, I was detailed to the Street Violence Bureau as a detective.  At approximately 1201 hours I responded to ⬛⬛⬛⬛⬛⬛⬛Avenue, in the City of Fresno regarding a signed search warrant that was served at this address.

## INVESTIGATION:

Earlier in the day myself Detective Martin had the Street Violence Bureau Tactical Team set up at the above address regarding a signed search warrant, which I authored on todays date.

It should be noted the Tactical Team was given a picture of our primary suspect regarding this case. They were told to arrest Albert Hood upon contact and serve the search warrant at the above address. Hood was wanted for a prior assault. Please see Detective Martin report for further information.

Detective Dooms said that at approximately 1150 hours he and his team observed Albert Hood along ████████████ ale, later identified as Stephanie Hood ████████████████████████████ ████████████████████ nce. The Tactical Team made contact with both subjects on the sidewalk of ████████████████ Dooms said that Albert was immediately arrested for an open charge (please see attached reports) and Stephanie was detained pending further information.

The Tactical Team then served the search warrant of ████████████████████ and did not have to use force entry. The only evidence located was located by Detective Meiss. Meiss said while searching the last northern bedroom of the residence he located a sawed off Western Field, model 565 sawed off shotgun with five rounds inside, with one being chambered. Meiss said the gun was located on the side of the twin mattress, wedged against the northern wall and mattress. The gun was immediately made safe for officer safety. A further search also revealed some household bills with name Albert Hall printed on them, indicating that he does in fact live at ████████████████ No further evidence was located at the residence. It is believed Stephanie was not involved and was released from our custody. She said she wanted to "stick around", because she had clothes inside of the residence.

I. Bureau Tech. Burrow ID 47 responded to the scene for collection of evidence and pictures. Please see his report for further information.

After phot ████████████████████ the house was turned over to Juanita Burnett ████████, who resides at ████████████████████. This is Albert's mother.

At Head Quarters a check was done of the gun and met with negative results. I was advised by Detective Martin that Albert confessed to owning the gun and made several other statements. Please see Detective Martin for additional information.

## CONCLUSIONS / DEDUCTIONS:

A search warrant was obtained for ████████████, in the City of Fresno for a prior incident that occurred involving Albert Hood. Upon executing the search warrant a sawed off shot gun located inside the residence.

## DISPOSITION:

1. Search warrant was obtained/served for 2014 East White, in the City of Fresno.
2. Evidence and photos was collected and taken by I. Bureau Tech Burrow.
3. Proof of search warrant service was given to Albert.
4. I can testify to the above report.

Narrative from Report #5   BURROW (V3817), MICHAEL (ID47)
**CRIME SCENE BUREAU:**

**03-04-10     1245 HRS.**
**PHOTOGRAPHIC EVIDENCE: DIGITAL PHOTOGRAPHS OF THE SCENE.**
**LATENT PRINT EVIDENCE: NONE**

On the above date and time, I was detailed to ▮▮▮▮▮▮▮ at the request of Det. Becerra #1018.  Upon my arrival, I photographed the scene.  The house at this location is on the South side of the street facing North.  Interior photos of the residence will show several pieces of mail bearing the name Albert L. Hood; ▮▮▮▮▮ ▮▮▮▮ in several places throughout the house.  Interior photos of the residence will also show a room at the S/W corner of the house.  Located on the floor of the room was a Western Field, model#XNH 565, 16 GA pump action shotgun, no serial #.  The shotgun had a 15" sawed off barrel, an oxidized blue finish, a cut down wood pistol grip, and wooden fore end.  The shotgun was moved and rendered safe prior to my arrival.  Located on the floor next to the shotgun were five, live 16 GA, Remington shotgun shells, size 7 1/2 shot.  The shotgun and shells were collected.

Upon returning to the Crime Scene Bureau, I processed the shotgun and shells for latent print evidence using cyanoacrylate fuming and dusting powder.  The results were negative.  The shotgun was not ran through the CLETS system do to a lacking of a serial number.  The shotgun and live shells were booked into the FPD Property Section.  All photographs will be on file in the FPD Report Writer system under this case number.